**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-02011-WJM-KLM

SEAN GUBRICKY, Derivatively on Behalf of Nominal Defendant, CHIPOTLE MEXICAN GRILL, INC.,

    Plaintiff,

v.

STEVE ELLS,
MONTGOMERY F. (MONTY) MORAN,
MARK CRUMPACKER,
JOHN S. CHARLESWORTH,
KIMBAL MUSK,
PATRICK J. FLYNN,
STEPHEN GILLETT,
ALBERT S. BALDOCCHI,
DARLENE J. FRIEDMAN, and
NEIL W. FLANZRAICH,

    Defendants,

-and-

CHIPOTLE MEXICAN GRILL, INC., a Delaware Corporation,

    Nominal Defendant.

---

**UNOPPOSED MOTION FOR CONSOLIDATION AND APPOINTMENT
OF LEAD PLAINTIFF AND CO-LEAD COUNSEL**

---

Plaintiff Sean Gubricky ("Gubricky"), by and through his undersigned counsel, hereby moves for an Order consolidating this action (the "*Gubricky* Action") with a related action styled *Cyrus Lashkari v. Steve Ells, et al.*, Case No. 1:16-cv-03180-RM-MJW (D. Colo.) (the "*Lashkari* Action") and establishing a leadership structure for the prosecution of the resulting consolidated action (the "Consolidated Action"). Specifically, Gubricky seeks: (1) the consolidation pursuant

to D.C.COLO.LCivR 42.1 and Fed R. Civ. P. 42(a) in this Court of the *Gubricky* Action and the *Lashkari* Action; (2) appointment of Gubricky as Lead Plaintiff in the Consolidated Action; and (3) appointment of Faruqi & Faruqi LLP ("Faruqi") and Labaton Sucharow LLP ("Labaton") as Co-Lead Counsel and of Berens Law LLC ("Berens Law") as Liaison Counsel for the Consolidated Action.[1]

## INTRODUCTION

This is a shareholder derivative action brought by Gubricky on behalf of nominal defendant Chipotle Mexican Grill, Inc. ("Chipotle" or the "Company"), seeking to hold the Individual Defendants,[2] who are certain current and former officers and directors of Chipotle, liable for their violations of state law and breaches of fiduciary duty in connection with their failure to manage the significant risks of food-borne illness at the Company's thousands of restaurants and to properly oversee the Company's response to a series of food-borne illness outbreaks at the Company's restaurants which began in the summer of 2015. Gubricky filed his Verified Shareholder Derivative Complaint (the "*Gubricky* Complaint") on August 8, 2016 and Defendants moved to dismiss the *Gubricky* Complaint on November 1, 2016. The parties have now completed briefing on that motion, with Gubricky having filed his memorandum of law in opposition to the motion on December 22, 2016, and Defendants having filed their reply on January 19, 2017.

On December 27, 2016, another Chipotle shareholder, Cyrus Lashkari ("Lashkari"), commenced a second derivative action on behalf of Chipotle by filing his own Verified Shareholder Derivative Complaint in this Court (the "*Lashkari* Complaint"), advancing allegations

---

[1] Pursuant to D.C.COLO.LCivR 7.1(a), counsel has conferred in good faith and with all parties regarding the relief sought in this Motion. Defendants do not oppose consolidation and take no position on the appointment of lead plaintiff or counsel.

[2] The "Individual Defendants" include each of the defendants other than nominal defendant Chipotle. The Individual Defendants and Chipotle are collectively referred to as "Defendants."

which substantially overlap with the allegations advanced in the *Gubricky* Complaint. The *Lashkari* Action is captioned *Cyrus Lashkari v. Steve Ells, et al.*, No. 1:16-cv-03180-RM-MJW (D. Colo.).

Through counsel, Gubricky and Lashkari have conferred with one another and have agreed that the two actions should be consolidated in the interests of judicial economy and the efficient resolution of the claims which are the gravamen of both plaintiffs' complaints. Gubricky and Lashkari have also agreed to a structure for prosecution of the Consolidated Action: Gubricky would serve as Lead Plaintiff and Faruqi and Labaton would serve as Co-Lead Counsel. Gubricky and Lashkari's Colorado counsel, Berens Law LLC, would serve as Liaison Counsel under the proposed leadership structure. The parties have further agreed that the *Gubricky* Action should become the lead case and that the *Gubricky* Complaint should remain the operative complaint in the Consolidated Action. Therefore, Defendants' motion to dismiss the *Gubricky* Complaint would not need to be re-briefed and there would be no corresponding delay.

For the reasons explained below, Gubricky respectfully requests that the Court grant the Proposed Order filed herewith consolidating the *Gubricky* and *Lashkari* Actions, appointing Gubricky Lead Plaintiff, appointing Faruqi and Labaton Co-Lead Counsel, and appointing Berens Law Liaison Counsel.

## ARGUMENT

### I.  The Gubricky and Lashkari Actions Should Be Consolidated

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Gubricky seeks to consolidate the two related derivative actions brought on behalf of Chipotle in this Court:

| CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *Sean Gubricky v. Steve Ells, et al.* | 1:16-cv-02011-WJM-KLM | August 8, 2016 |
| *Cyrus Lashkari v. Steve Ells, et al.* | 1:16-cv-03180-RM-MJW | December 27, 2016 |

Rule 42(a) of the Federal Rules of Civil Procedure provides as follows:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Consolidation pursuant to Rule 42(a) is appropriate when actions involve common questions of law and fact and consolidation would avoid unnecessary costs or delay. *See, e.g.*, *Richey v. Ells*, No. 12-cv-01831-WJM-MEH, 2013 WL 179234, at *1 (D. Colo. Jan. 17, 2013) (finding consolidation appropriate where the "actions . . . involve common questions of law or fact, including common parties and common claims"); *Mishkin v. Zynex, Inc.*, No. 09-cv-00780-REB-KLM, 2010 WL 749864, at *1 (D. Colo. Mar. 3, 2010) (granting consolidation where "[c]ommon questions of law and fact are predominant"). As the Tenth Circuit has recognized, "[c]onsolidation of cases is permitted as a matter of convenience and economy. . ." *Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

In addition, D.C.COLO.LCivR 42.1 specifically provides for consolidation of actions pending before different Judges in this District:

> A motion to consolidate shall be filed in the lowest numbered case included in the proposed consolidation and shall be decided by the district judge to whom the lowest numbered case is assigned. A notice of filing of a motion to consolidate shall be filed by the movant as a party or, with the assistance of the clerk, as an interested party in all other cases proposed for consolidation. A motion to consolidate shall be given priority. Consolidated cases shall be reassigned to the judicial officer(s) to whom the lowest numbered consolidated case was assigned.

Here, consolidation is appropriate because the *Gubricky* and *Lashkari* Actions involve substantially similar issues and relate to the same series of events. Both actions assert breach of

fiduciary duty claims on behalf of Chipotle and against certain Chipotle officers and directors in connection with their knowing failures to manage the significant risks of food-borne illness at the Company's restaurants and to oversee the Company's response to a series of food-borne illness outbreaks at the Company's restaurants beginning in 2015.  *Compare Gubricky* Complaint, Doc. #20, ¶¶ 1–3 *with Lashkari* Complaint, No. 1:16-cv-03180-RM-MJW, Doc. #2, ¶¶ 1–9.  Moreover, the *Gubricky* and *Lashkari* Complaints are based largely on the same nonpublic Chipotle documents, which were obtained through separate stockholder demands for books and records under Delaware law.  *See* 8 Del. C. § 220.  While the *Gubricky* and *Lashkari* Complaints contain small differences—in particular, the *Gubricky* Complaint names one additional defendant, and the *Lashkari* Complaint asserts a claim for violation of Section 14(a) of the federal Exchange Act—consolidation is nevertheless appropriate.  *See, e.g., Clark on Behalf of DaVita, Inc. v. Thiry*, No. 12-cv-02074-WJM-CBS, 2014 WL 4050057, at *1 & n.1 (D. Colo. 2014) (consolidating cases because they included "nearly identical parties and common claims," where the first action named two defendants not named in the second action and the second action named a different defendant not named in the first); *Dolphin Ltd. P'ship I, L.P. v. Gupta*, 2007 WL 315864, at *1 (Del. Ch. Jan. 22, 2007) (consolidating derivative actions because "[a]lthough plaintiffs present different legal theories to justify relief, these theories largely rely upon the same set of allegations, particularly concerning the propriety of related-party transactions.  It would waste the resources of litigants and the Court to consider these allegations multiple times.").

Consolidation of the *Gubricky* and *Lashkari* Actions is further warranted because it will promote judicial economy and the efficient resolution of these related matters. Rather than filing a consolidated complaint, the current *Gubricky* Complaint would be the operative complaint in the Consolidated Action.  Therefore, Defendants' motion to dismiss the *Gubricky* Complaint would

not need to be re-briefed and there would be no corresponding delay in the event consolidation is granted. If, on the other hand, consolidation is not granted and the two litigations proceed on separate tracks, the Court and parties would waste significant time and resources on duplicative and overlapping proceedings.

## II. The Court Should Appoint Gubricky as Lead Plaintiff, Faruqi and Labaton as Co-Lead Counsel, and Berens Law as Liaison Counsel in the Consolidated Action

### A. It Is Appropriate for the Court to Appoint a Plaintiff Leadership Structure For the Consolidated Derivative Action.

It is well established that the Court may appoint a plaintiff leadership structure to coordinate the prosecution of complex litigation. *See, e.g.*, *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774–75 (9th Cir. 1977). Likewise, the utility in appointing lead counsel in complex actions such as this one is well recognized. As stated by one court:

> The benefits achieved by consolidation and the appointment of general counsel, *i.e.*, elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation. The advantages of this procedure should not be denied litigants in the federal courts because of misapplied notions concerning interference with a party's right to his own counsel.

*MacAlister v. Guterma*, 263 F.2d 65, 69 (2d Cir. 1958); *see also Vincent*, 557 F.2d at 774. Similarly, the *Manual for Complex Litigation, Fourth* ("MCL 4th") recognizes the benefits of promptly appointing a leadership structure of plaintiffs' counsel in complex multi-party litigation. *See* MCL 4th § 10.22. Here, the appointment of a leadership structure will allow for Chipotle's shareholders to speak with one voice to advance the claims of the Company in the most efficient way possible.

### B. Gubricky Should Be Appointed Lead Plaintiff

Fed. R. Civ. P. 23.1 provides that a plaintiff in a shareholder derivative action must "fairly and adequately represent the interests of the shareholders or members who are similarly situated

in enforcing the right of the corporation or association." Here, Gubricky has demonstrated that he will fairly and adequately represent the interests of Chipotle's shareholders in pursuing claims against the Individual Defendants.

Gubricky approached this litigation in a careful and thoughtful manner. He did not race to the courthouse when Chipotle's food-safety crisis began making national news in late 2015 and early 2016. Instead, Gubricky thoroughly investigated whether and to what extent misconduct within the Company lead to the harm Chipotle suffered in the wake of that crisis. He served a demand for books and records on the Company on January 28, 2016. He reviewed thousands of pages of both publicly-available information, including SEC filings and deposition transcripts. Gubricky also reviewed thousands of pages of nonpublic materials produced by Chipotle in response to his books and records demand. This investigation allowed Gubricky to prepare a lengthy, thorough, and well-sourced complaint.

The care and thoroughness with which Gubricky investigated and pled his claims demonstrates his fitness to serve as lead plaintiff in prosecuting the derivative claims at issue on behalf of Chipotle's public shareholders. *See In re Investors Bancorp, Inc. Stockholder Litigation*, 2016 WL 4257503, at *5 (Del.Ch. 2016) (deciding a contested leadership motion in favor of a proposed lead plaintiff who pursued a books and records investigation prior to filing their complaint because such investigation demonstrated "vigor of prosecution" and allowed for the preparation of a pleading of "superior quality").

### C.    Faruqi & Faruqi and Labaton Sucharow Should Be Appointed Co-Lead Counsel and Berens Law Should Be Appointed Liaison Counsel.

"[A]bsent extraordinary circumstances," a lead plaintiff "should be able to select [its] own counsel." *Dollens v. Zionts*, 2001 WL 1543524, at *6 (N.D. Ill. 2001). Therefore, the Court should appoint Gubricky selected counsel, Faruqi and Labaton, as Co-Lead Counsel. Both firms possess

significant experience in litigating complex derivative cases and other matters on behalf of shareholders of public companies and have demonstrated a high level of professionalism in securing a number of significant recoveries. *See* Resumes of Faruqi and Labaton (attached as Exhibits A–B hereto). Proposed Co-Lead Counsel identified their respective client's potential derivative claims, pursued books and records demands on behalf of their respective clients, performed thorough reviews of the materials provided in response to those demands, and crafted quality complaints seeking to vindicate the interests of the Company and its public shareholders. Their respective track records in this field and the vigor of their representation thus far in the *Gubricky* and *Lashkari* Actions demonstrate their fitness to serve as Co-Lead Counsel. Moreover, Co-Lead Counsel have worked closely with one another in formulating the proposed leadership structure, in preparation of this motion, and in strategizing for the litigation of this case going forward. Proposed Co-Lead Counsel believe that they will be able to work effectively together and that their combining efforts will be in the best interest of Chipotle and its shareholders.

Proposed liaison counsel, Berens Law, is, like proposed Co-Lead Counsel, highly experienced in litigating complex derivative cases and other matters on behalf of shareholders of public companies. Berens Law is, moreover, highly experienced with complex litigation in this District. *See* Resume of Berens Law (attached as Exhibit C hereto). Berens Law is already serving as Colorado counsel in this action and the *Lashkari Action* and has demonstrated its ability to work effectively with both proposed Co-Lead Counsel.

## CONCLUSION

For the reasons set forth herein, the Court should grant Gubricky's motion and (1) consolidate the *Gubricky* and *Lashkari* Actions, (2) appoint Gubricky as Lead Plaintiff in the Consolidated Action, and (3) appoint Faruqi and Labaton as Co-Lead Counsel and Berens Law as Liaison Counsel in the Consolidated Action.

DATED:  January 24, 2017

*/s/ Jeffrey A. Berens*
Jeffrey A. Berens
BERENS LAW LLC
2373 Central Park Boulevard, Suite 100
Denver, CO  80238
Tel:  (303) 861-1764
Fax: (303) 395-0393
jeff@jberenslaw.com

FARUQI & FARUQI, LLP
Stuart J. Guber
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Telephone: 215-277-5770
Facsimile: 215-277-5771
sguber@faruqilaw.com

FARUQI & FARUQI, LLP
Nadeem Faruqi
Nina M. Varindani
685 Third Avenue, 26th Floor
New York, New York 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
nfaruqi@faruqilaw.com
nvarindani@faruqilaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

*/s/ Jeffrey A. Berens*
Jeffrey A. Berens
BERENS LAW LLC
2373 Central Park Boulevard, Suite 100
Denver, CO  80238-2300
(303) 861-1764 (Telephone)
(303) 395-0393 (Facsimile)
jeff@jberenslaw.com