**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 16-cv-2011-WJM-KLM
Civil Action No. 16-cv-3180-RM-MJW

SEAN GUBRICKY, derivatively on behalf of nominal Defendant, Chipotle Mexican Grill, Inc.,

    Plaintiff,

v.

STEVE ELLS,
MONTGOMERY F. (MONTY) MORAN,
MARK CRUMPACKER,
JOHN S. CHARLESWORTH,
KIMBAL MUSK,
PATRICK J. FLYNN,
STEPHEN GILLETT,
ALBERT S. BALDOCCHI,
DARLENE J. FRIEDMAN, and
NEIL W. FLANZRAICH,

    Defendants,

and

CHIPOTLE MEXICAN GRILL, INC.,

    Nominal Defendant.

---

**ORDER GRANTING PLAINTIFF'S UNOPPOSED
MOTION TO CONSOLIDATE RELATED CASES**

---

Before the Court is Plaintiff's Unopposed Motion for Consolidation and Appointment of Lead Plaintiff and Co-Lead Counsel. (ECF No. 81.) For the reasons explained below, this motion is granted.

Rule 42(a) provides that "[i]f actions before the court involve a common question

of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a)(2). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004).

This is a shareholder derivative action brought by Plaintiff Gubricky on behalf of nominal defendant Chipotle Mexican Grill, Inc. ("Chipotle"), seeking to hold certain current and former officers and directors of Chipotle liable for alleged breaches of fiduciary duty which, according to Plaintiff, led to a series of food-borne illness outbreaks at Chipotle's restaurants beginning in the summer of 2015. Plaintiff filed his complaint on August 8, 2016.

On December 27, 2016, another Chipotle shareholder, Cyrus Lashkari ("Lashkari"), commenced a second derivative action on behalf of Chipotle, advancing allegations that substantially overlap with the allegations advanced here. *See Cyrus Lashkari v. Steve Ells et al.*, Civil Action No. 1:16-cv-3180-RM-MJW (D. Colo.). However,

> [t]hrough counsel, Gubricky and Lashkari have conferred with one another and have agreed that the two actions should be consolidated in the interests of judicial economy and the efficient resolution of the claims which are the gravamen of both plaintiffs' complaints. Gubricky and Lashkari have also agreed to a structure for prosecution of the Consolidated Action: Gubricky would serve as Lead Plaintiff and Faruqi and Labaton would serve as Co-Lead Counsel. Gubricky and Lashkari's Colorado counsel,

> Berens Law LLC, would serve as Liaison Counsel under the proposed leadership structure. The parties have further agreed that the *Gubricky* Action should become the lead case and that the *Gubricky* Complaint should remain the operative complaint in the Consolidated Action. Therefore, Defendants' motion to dismiss the *Gubricky* Complaint would not need to be re-briefed and there would be no corresponding delay.

(ECF No. 81 at 3.)

Accordingly, the Court ORDERS as follows:

1. Plaintiff's Unopposed Motion for Consolidation and Appointment of Lead Plaintiff and Co-Lead Counsel (ECF No. 81) is GRANTED;

2. The following cases are CONSOLIDATED: Civil Action No. 16-cv-2011-WJM-KLM and Civil Action No. 16-cv-3180-RM-MJW;

3. Civil Action No. 16-cv-2011-WJM-KLM shall be the lead case and all future filings shall be made in this action;

4. Pursuant to D.C.COLO.LCivR 40.1(d)(4)(C), the Clerk is directed to reassign Civil Action No. 16-cv-3180-RM-MJW to the undersigned and to U.S. Magistrate Judge Kristen L. Mix;

5. The Verified Shareholder Derivative Complaint filed by Plaintiff Gubricky (*see* ECF Nos. 1, 20) shall be the operative complaint (the "Operative Complaint") in this consolidated action;

6. The law firms of Faruqi & Faruqi LLP and Labaton Sucharow LLP are DESIGNATED as Co-Lead Counsel for the consolidated action, with Berens Law LLC as Liaison Counsel; and

7. A copy of this Order shall be docketed in Civil Action No. 16-cv-3180.

Dated this 24th day of May, 2017.

BY THE COURT:

_____
William J. Martínez
United States District Judge