**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-02011-WJM-KLM

SEAN GUBRICKY, Derivatively on Behalf of Nominal Defendant, CHIPOTLE MEXICAN GRILL, INC.,

    Plaintiff,

v.

STEVE ELLS, MONTGOMERY F. (MONTY) MORAN, MARK CRUMPACKER, JOHN S. CHARLESWORTH, KIMBAL MUSK, PATRICK J. FLYNN, STEPHEN GILLETT, ALBERT S. BALDOCCHI, DARLENE J. FRIEDMAN, and NEIL W. FLANZRAICH,

    Defendants,

and

CHIPOTLE MEXICAN GRILL, INC.,

    Nominal Defendant.

**ROBBINS GELLER RUDMAN & DOWD LLP AND MOTLEY RICE LLC'S MOTION TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(B)**

Pursuant to Federal Rule of Civil Procedure 24(b), proposed intervenors Robbins Geller Rudman & Dowd LLP and Motley Rice LLC ("Proposed Intervenors") respectfully submit this motion to intervene in the above-captioned action for the limited purpose of seeking public access to pleadings that were filed under seal and then publicly filed with significant (and inappropriate) redactions.

**CERTIFICATION OF COMPLIANCE**

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for the Proposed Intervenors has conferred with counsel for the parties to the *Gubricky* Action (defined below). The parties to the *Gubricky* Action oppose this Motion.

## RELEVANT FACTUAL BACKGROUND

Proposed Intervenors presently serve as Lead Counsel for shareholders of Chipotle Mexican Grill, Inc. ("Chipotle" or the "Company") in a securities class action pending in the United States District Court for the Southern District of New York against: (i) Chipotle; (ii) the Company's co-Chief Executive Officers (who are or were members of the Company's board of directors (the "Board")) – M. Steven Ells ("Ells") and Montgomery F. Moran ("Moran"); and (iii) Chipotle's Chief Financial Officer John R. Hartung ("Hartung"). *See Ong v. Chipotle Mexican Grill, Inc., et al.*, No. 1:16-cv-00141-KPF (S.D.N.Y.) (the "Securities Class Action").[1]  As legal counsel to Chipotle shareholders in the Securities Class Action, having access to unredacted versions of the complaints filed in this consolidated derivative action is important and relevant to Proposed Intervenors' ongoing investigation of allegations regarding improper conduct by Chipotle, Ells, Moran, and Hartung.[2]

---

[1] The amended complaint in the Securities Class Action was dismissed without prejudice on March 8, 2017. *See Ong v. Chipotle Mexican Grill, Inc.*, 2017 U.S. Dist. LEXIS 33170, at *59-60 (S.D.N.Y. Mar. 8, 2017). A second amended complaint was filed in the Securities Class Action on April 7, 2017 that included evidence of six additional food-borne illness outbreaks at Chipotle during 2015 beyond those described in the pleadings filed in this consolidated action. Briefing on the motion to dismiss this second amended complaint is presently scheduled to conclude on September 6, 2017.

[2] In the Securities Class Action, Proposed Intervenors moved to lift the Private Securities Litigation Reform Act of 1995 ("PSLRA") discovery stay to obtain the books and records that were produced by the Board to the plaintiffs in the *Gubricky* Action and the *Lashkari* Action (defined below) before they instituted their respective lawsuits. This request was denied by the Court in the Securities Class Action for failing to meet the requirement for lifting the PSLRA discovery stay, which is that "the parties seeking discovery have the burden to show that a removal of the stay of discovery is needed to prevent undue prejudice to them." *In re Qwest Communs. Int'l, Inc.*, 2007 U.S. Dist. LEXIS 59336, at *17 (D. Colo. Aug. 7, 2007). Accordingly, this denial has no bearing on whether the *Gubricky* Complaint and the *Lashkari* Complaint have been properly sealed in accordance with D.C.COLO.LCivR. 7.2, the First Amendment, or the common law right of access to judicial documents.

Following the filing of the amended complaint in the Securities Class Action, on August 8, 2016, purported Chipotle shareholder Sean Gubricky initiated a derivative lawsuit against the Board, nominally on behalf of the Company, by filing a redacted shareholder derivative complaint (the "*Gubricky* Complaint") that forms the basis of the above-captioned action (the "*Gubricky* Action").[3] Shortly after filing the *Gubricky* Complaint, on August 12, 2016, the plaintiff in the *Gubricky* Action filed an unopposed motion to restrict access to certain allegations in the *Gubricky* Complaint pursuant to D.C.COLO.LCivR 7.2. *See* G Dkt. No. 21.

Specifically, this unopposed motion sought Level One restricted access, meaning that access would be restricted to the parties to the *Gubricky* Action and the Court. *Id.* at 1-2. Although D.C.COLO.LCivR 7.2(c)(2) states that "stipulations between the parties . . . alone, are insufficient to justify restriction[,]" the principal basis for seeking this relief was the parties' pre-suit entry into a confidentiality agreement concerning certain shareholder books and records that were produced to plaintiff by Chipotle pursuant to Delaware law. *Id.* at 2-3. By minute order dated August 26, 2016, Magistrate Judge Mix granted this motion. *See* G Dkt. No. 34. Subsequently, on November 4, 2016, the *Gubricky* Action was reassigned to this Court. *See* G Dkt. No. 45.

Separately, on December 27, 2016, purported Chipotle shareholder Cyrus Lashkari filed a similar redacted shareholder derivative complaint (the "*Lashkari* Complaint") in an action captioned *Lashkari v. Ells, et al.*, No. 1:16-cv-03180-RPM-MJW (D. Colo.) (the "*Lashkari* Action").[4] On January 5, 2017, the plaintiff in the *Lashkari* Action filed a nearly identical unopposed motion to

---

[3] Citations to the *Gubricky* Complaint are referenced as "G ¶__." Citations to the docket in the *Gubricky* Action are referenced as "G Dkt. No. __."

[4] Citations to the *Lashkari* Complaint are referenced as "L ¶__." Citations to the docket in the *Lashkari* Action are referenced as "L Dkt. No. __."

obtain Level One restricted access for certain allegations in the *Lashkari* Complaint as was filed in the *Gubricky* Action. *See* L Dkt. No. 9. The *Lashkari* Action motion was granted by Judge Raymond P. Moore without explanation on January 6, 2017. L Dkt. No. 10.

On January 24, 2017, an unopposed motion to consolidate the *Lashkari* Action into the *Gubricky* Action was filed in the *Gubricky* Action. G Dkt. No. 81. On May 24, 2017, this Court consolidated the two actions and, among other things, designated the *Gubricky* Complaint as the operative pleading. G Dkt. No. 89.

On June 7, 2017, this Court granted a motion to dismiss the *Gubricky* Complaint for failure to plead demand futility. *See Gubricky v. Ells*, 2017 U.S. Dist. LEXIS 87035, at *3, *31-*32 & n.12 (D. Colo. June 7, 2017) (Martinez, J.) (the "June 7 Order") ("the undersigned reluctantly concludes that Gubricky has failed to plead demand futility and his claims against Defendants must be dismissed . . . the Court need not and does not reach Defendants' alternative arguments regarding failure to state a claim."). The June 7 Order makes numerous references to information that is redacted in the *Gubricky* Complaint, none of which involves an interest that outweighs the presumption of public access. *See, e.g., id.* at *7-*9 (citing G ¶¶90, 92, 98, which discussed internal audits undertaken at Chipotle restaurants from July 2015 that were discussed by the Board); *id.* at *12-*13 (citing G ¶¶93, 104, which discussed field audits at Chipotle during 2015 that were discussed by the Board). The June 7 Order found that this information was not properly restricted under D.C.COLO.LCivR 7.2., ruling, in pertinent part, as follows:

> Nearly every filing of significance to resolving Defendants' Motion to Dismiss has been made under Restricted Access, Level 1. Indeed, large portions of the complaint itself are redacted. (*See* ECF No. 1.) Having considered the matter carefully, the Court finds that it cannot properly explain its decision without summarizing and sometimes quoting Restricted Access allegations and other materials. Moreover, to the extent such materials are summarized or quoted below, the Court finds that the

> presumption of public access—and, in particular, the public's right to understand a court's reasons for deciding the way that it has—outweighs any private confidentiality interest asserted by the parties in this lawsuit. See D.C.COLO.LCivR 7.2(c). The Court also notes that a significant portion of the redacted or restricted materials relate to the "Norwalk Protocol," discussed further below, which is also summarized in unredacted portions of the complaint. (*See* ECF No. 1 ¶ 47.) Thus, there appears to be no basis for continuing to restrict matters related to the Norwalk Protocol.

*Id.* at *3 n.1.

Given that this Court has already determined that much of the redacted information from the *Gubricky* Complaint was improperly restricted under D.C.COLO.LCivR 7.2, Proposed Intervenors believe that disclosure of the remaining information in this pleading (as well as all the redacted information in the *Lashkari* Complaint) is consistent with the presumption of public access that is inherent in D.C.COLO.LCivR 7.2. Accordingly, Proposed Intervenors herein move to intervene in this action pursuant to Rule 24(b) for this limited purpose.

## ARGUMENT

Rule 24(b) provides, in pertinent part, that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." *Id.* at (b)(1)(B). Permissive intervention is appropriate when it will not cause undue delay or prejudice. *Id.* at (b)(3).

The Tenth Circuit has held that permissive intervention under Rule 24(b) is an appropriate mechanism for non-parties to an action to seek access to information that has been withheld from the public by judicial order. *See United Nuclear Corp.* v. *Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990).[5] The Tenth Circuit has also held that Rule 24 is to be construed liberally in favor of

---

[5]  All citations and quotations are omitted unless otherwise noted.

intervention. *See Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002).

Permissive intervention for the purpose of obtaining restricted information is appropriate even if the underlying lawsuit has already been dismissed for several years. *See United Nuclear*, 905 F.2d at 1427. Further, following numerous other Circuit courts of appeals, the Tenth Circuit has held that "no particularly strong nexus of fact or law need exist" when a non-party seeks to intervene to gain access to court records. *Id.* Consistent with Tenth Circuit precedent, the overwhelming consensus among other Circuit courts of appeals is that permissive intervention is appropriate when, as here, a third party seeks to obtain access to judicial records. *See, e.g.*, *EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) ("[E]very circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders.") (citing cases from the First, Second, Third, Fifth, Sixth, Seventh, and Ninth Circuits, as well as *United Nuclear*).

Here, the motion to intervene is timely, as it is made only several weeks after the *Gubricky* Complaint was dismissed without prejudice. *See United Nuclear,* 905 F.2d at 1427; *see also San Jose Mercury News, Inc. v. U.S. Dist. Ct. – N. Dist.*, 187 F.3d 1096, 1101 (9th Cir. 1999) (noting that "delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records."). In addition, there is little doubt that the Securities Class Action shares a common nexus of fact with the *Gubricky* Action and the *Lashkari* Action given that they both relate to Chipotle's food-borne illness outbreaks in 2015. *See, e.g.*, G ¶¶2-3; L ¶¶1-9; *see also SanMedica Int'l v. Amazon.com Inc.*, 2015 U.S. Dist. LEXIS 148775, at *4-*8 (D. Utah Nov. 2, 2015) (law

professor seeking to intervene to obtain restricted information for legal research satisfied Rule 24(b)'s common question of law or fact test).

And, because Proposed Intervenors seek to intervene for the limited purpose of unsealing the *Gubricky* Complaint and the *Lashkari* Complaint, rather than to contest the merits of the litigation, intervention will not prejudice the parties. *See United Nuclear*, 905 F.2d at 1427 (concern about "prejudice in the adjudication of the rights of the existing parties" is "not present when the existing parties have settled their dispute and intervention is for a collateral purpose"); *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 786 (1st Cir. 1988) ("The fact that a suit has gone to judgment does not in any sense militate against the public's right to prosecute a substantiated right to see the records of a particular case."). Even if permitting intervention will cause the parties to the *Gubricky* Action to expend some additional resources, this Court has nonetheless found that intervention is appropriate. *See Am. Tradition Inst. v. Colo.*, 2012 U.S. Dist. LEXIS 20941, at *6 (D. Colo. Feb. 21, 2012) (Martinez, J.) ("Plaintiffs argue that Movants should not be permitted to intervene because it will result in duplicative filings and force them to commit resources researching extraneous and unnecessary issues. . . . While adding additional parties may cause some delay and may result in the filing of some additional motions, the Court finds that such delay is neither undue nor significant."). Accordingly, permissive intervention is warranted.[6]

---

[6] Submitted contemporaneously with this Motion is Proposed Intervenors' motion to unseal the *Gubricky* Complaint and the *Lashkari* Complaint, which satisfies Rule 24(c)'s requirement to "set out the claim . . . for which intervention is sought."

## CONCLUSION

For all the foregoing reasons, Proposed Intervenors respectfully request that the Court grant this Rule 24(b) motion for the limited purpose of allowing Proposed Intervenors to move to unseal the *Gubricky* Complaint and the *Lashkari* Complaint.

DATED: July 12, 2017

Respectfully Submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS

s/ Danielle S. Myers
DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
danim@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MICHAEL G. CAPECI
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
mcapeci@rgrdlaw.com

MOTLEY RICE LLC
JAMES M. HUGHES
CHRISTOPHER F. MORIARTY
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
jhughes@motleyrice.com
cmoriarty@motleyrice.com

MOTLEY RICE LLC
WILLIAM H. NARWOLD
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Telephone: 860/882-1681
(860)/882-1682 (fax)
bnarwold@motleyrice.com

*Attorneys for Proposed Intervenors*
*Robbins Geller Rudman & Dowd LLP and*
*Motley Rice LLC*

CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 12, 2017.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:dmyers@rgrdlaw.com

# Mailing Information for a Case 1:16-cv-02011-WJM-KLM Gubricky v. Ells et al.

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kendra N. Beckwith**
  kbeckwith@messner.com,teckhardt@messner.com

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffreyberens@comcast.net

- **Thomas Richard Blackburn**
  tblackburn@messner.com,tdietzgen@MESSNER.COM

- **Andrew Brian Clubok**
  andrew.clubok@kirkland.com,kenymanagingclerk@kirkland.com

- **Thomas Joseph Curry**
  tcurry@labaton.com,ceaton@labaton.com

- **Stuart Jay Guber**
  sguber@faruqilaw.com,sjgesq@aol.com

- **Nathaniel Jacob Kritzer**
  nathaniel.kritzer@kirkland.com,n1kritzer@yahoo.com,kenymanagingclerk@kirkland.com,eric.dellon@kirkland.com

- **Ned C. Weinberger**
  nweinberger@labaton.com,lmehringer@labaton.com,ceaton@labaton.com,sredman@labaton.com

- **Douglas C. Wolanske**
  dwolanske@messner.com,jscott@messner.com,bbernstein@messner.com,mcollier@messner.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`