**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-02011-WJM-KLM

SEAN GUBRICKY, Derivatively on Behalf of Nominal Defendant, CHIPOTLE MEXICAN GRILL, INC.,

    Plaintiff,

v.

STEVE ELLS, MONTGOMERY F. (MONTY) MORAN, MARK CRUMPACKER, JOHN S. CHARLESWORTH, KIMBAL MUSK, PATRICK J. FLYNN, STEPHEN GILLETT, ALBERT S. BALDOCCHI, DARLENE J. FRIEDMAN, and NEIL W. FLANZRAICH,

    Defendants,

and

CHIPOTLE MEXICAN GRILL, INC.,

    Nominal Defendant.

**ROBBINS GELLER RUDMAN & DOWD LLP AND MOTLEY RICE LLC'S MOTION TO UNSEAL THE VERIFIED SHAREHOLDER DERIVATIVE COMPLAINTS FILED BY PLAINTIFFS SEAN GUBRICKY AND CYRUS LASHKARI**

Pursuant to D.C.COLO.LCivR 7.2, the First Amendment, and the common law right of access to judicial documents, proposed intervenors Robbins Geller Rudman & Dowd LLP and Motley Rice LLC ("Proposed Intervenors") respectfully submit this motion to unseal: (i) the redacted portions of the shareholder derivative complaint filed on August 8, 2016, by purported Chipotle shareholder Sean Gubricky (the "*Gubricky* Complaint") that forms the basis of the above-captioned consolidated action (the "*Gubricky* Action") to the extent not already unsealed in this Court's Order dated June 7, 2017, granting a motion to dismiss the *Gubricky* Complaint for failure to plead demand futility (*see Gubricky v. Ells*, 2017 U.S. Dist. LEXIS 87035, at *3, *31-*32 & n.12

(D. Colo. June 7, 2017) (Martinez, J.) (the "June 7 Order")); and (ii) the redacted portions of the shareholder derivative complaint filed on December 27, 2016, by purported Chipotle shareholder Cyrus Lashkari (the "*Lashkari* Complaint") in an action captioned *Lashkari v. Ells, et al.*, No. 1:16-cv-03180-RPM-MJW (D. Colo.) (the "*Lashkari* Action") that was consolidated into the *Gubricky* Action on May 24, 2016 by this Court.  *See* G Dkt. No. 89.[1]

## CERTIFICATION OF COMPLIANCE

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for the Proposed Intervenors has conferred with counsel for the parties to the *Gubricky* Action.  The parties to the *Gubricky* Action oppose this Motion.

## RELEVANT FACTUAL BACKGROUND

The relevant factual background is set forth in Proposed Intervenors' Motion to Intervene Pursuant to Federal Rule of Civil Procedure 24(b), dated July 12, 2017, which is being filed concurrently with this Motion.

## SPECIFIC INFORMATION SOUGHT TO BE UNSEALED

Portions of the *Gubricky* Complaint and the *Lashkari* Complaint remain under seal. Proposed Intervenors request that this Court unseal the following information from these pleadings:

1.       To the extent it is not already disclosed in the June 7 Order, ¶¶2, 39, 66, 79, 82-83, 85, 89-102, 104-06, 114, 139, 141-45 & 151 from the *Gubricky* Complaint; and

2.       ¶¶5, 8, 35-43, 54, 86-89, 91-92, 112-15, 122 & 128-31 from the *Lashkari* Complaint.

---

[1]       Citations to the *Gubricky* Complaint are referenced as "G ¶___." Citations to the docket in the *Gubricky* Action are referenced as "G Dkt. No. ___."  Citations to the *Lashkari* Complaint are referenced as "L ¶___."  Citations to the docket in the *Lashkari* Action are referenced as "L Dkt. No. ___."

## ARGUMENT

The Court has authority to "loosen or eliminate any restrictions" on sealed documents even when "the case in which the documents were sealed has ended." *United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013). Under D.C.COLO.LCivR 7.2, the First Amendment, and the common law right of access to judicial documents, unsealing the redacted portions of the *Gubricky* Complaint not already disclosed in the June 7 Order and the *Lashkari* Complaint is warranted.

### A. The Burden is on the Parties to the *Gubricky* Action and the *Lashkari* Action to Establish That Sealing is Appropriate

"[J]udicial documents are presumptively available to the public[.]" *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).[2] The public interest in accessing such records is "'presumptively paramount[.]'" *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). "That is particularly so where the district court used the sealed documents 'to determine litigants' substantive legal rights[,]'" *see Pickard*, 733 F.3d at 1302, as this Court did in the June 7 Order. The proponent of sealing bears the burden of overcoming the presumption of public access, even if a court has previously ordered sealing. *Id.* Thus, even though portions of the *Gubricky* Complaint and the *Lashkari* Complaint have previously been granted Level One restriction under D.C.COLO.LCivR 7.2, the parties to these actions continue to bear the burden of establishing that these redactions remain appropriate.

---

[2] All citations and quotations are omitted unless otherwise noted.

### B. The Redactions in the *Gubricky* Complaint and the *Lashkari* Complaint Do Not Warrant Continued Level One Restricted Access Pursuant to D.C.COLO.LCivR 7.2

The parties' requests to seal the *Gubricky* Complaint and the *Lashkari* Complaint were substantially based on preexisting confidentiality agreements. *See* G Dkt. No. 21 at 2-3; L Dkt. No. 9 at 3-4. Finding the terms of their pre-suit confidentiality agreements mutually advantageous, the parties did not oppose these sealing requests. This means that, until Proposed Intervenors raised the matter, there was no adversary presentation to the Court on the question of the requested redactions. But relying on a pre-suit confidentiality agreement cannot justify sealing because D.C.COLO.LCivR 7.2(c)(2) makes clear that "stipulations between the parties . . . alone, are insufficient to justify restriction," and courts in the Tenth Circuit have consistently held that "the parties cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order[.]" *Helm*, 656 F.3d at 1292; *see also Tenorio v. Synchronoss Techs., Inc.*, 2015 U.S. Dist. LEXIS 11602, at *8-*9 (D. Colo. Jan. 28, 2015) ("[T]he local rule expressly provides that the existence of a protective order, alone, is insufficient to justify restricting access.").

The parties also sought to justify the redactions because they were based on documents produced by Chipotle that "related to food safety issues concerning the Company and business strategy regarding the same, including Board minutes, and package presentations to the Board and its committees." G Dkt. No. 21 at 4; *see also* L Dkt. No. 9 at 5 ("[these] documents consist of Chipotle Board and Board committee minutes and materials that include nonpublic and commercially sensitive information pertaining to the Company's food safety and crisis response policies and procedures and business strategies pertaining to those and related issues").

But the June 7 Order makes clear that at least some of this redacted information is not commercially sensitive material. *See Gubricky*, 2017 U.S. Dist. LEXIS 87035, at *3 n.1. Among other things, the June 7 Order describes the following items that were improperly redacted in the *Gubricky* Complaint: (i) an executive Board summary stating that "there were no material food safety events this quarter" from August 2015 (citing G ¶89); (ii) an Audit Committee report from August 2015 that detailed the hours and dollars expended on internal auditing activities as of July 31, 2015 (citing G ¶90); (iii) a narrative regarding food safety audits that had been performed during 2015 (citing G ¶92); and (iv) an executive Board summary from December 2015 (citing G ¶93). *Id.* at *7-*14.

Proposed Intervenors believe that the remainder of the redacted information in the *Gubricky* Complaint (and all of the redacted information in the *Lashkari* Complaint) likewise poses no risk of serious injury to the parties such that public access is not warranted. As explained in the *Lashkari* Complaint, Chipotle has already disclosed a substantial amount of Company-specific information regarding food safety practices and Chipotle's related business strategy in another civil litigation. *See* L ¶¶34, 77 (citing testimony from Moran and Chipotle's Executive Director of Safety, Security and Risk, Tim Spong). Further, both pleadings establish that Chipotle has completely revamped its food safety practices following public disclosure of the outbreaks in late 2015, meaning that any purportedly commercially sensitive information that preceded these outbreaks has long been stale. *See* G ¶¶33, 54, 65, 70, 79, 116; L ¶122 ("[As a result of the food-borne illness outbreaks at Chipotle in 2015], the Company has been forced to undergo a massive overhaul, both in terms of its marketing strategy and its operations."). As such, the remaining redacted information does not warrant continued secrecy. *See Loken-Flack, LLC v. Novozymes Bioag, Inc.*, 2014 U.S. Dist. LEXIS

139385, at *24 (D. Colo. Oct. 1, 2014) (redactions are inappropriate where similar information has been previously disclosed or where the business strategy at issue was employed by the corporation many years prior); *see also Ark. River Power Auth. v. Babcock & Wilcox Co.*, 2016 U.S. Dist. LEXIS 5632, at *23-*25 (D. Colo. Jan. 15, 2016) (denying motion to restrict where information was in the public domain and did not disclose any trade secrets).

Further, corporations have no general right to keep business information secret, even when its release may lead to adverse consequences. *See Co. Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) ("Adjudicating claims that carry the potential for embarrassing or injurious revelations about a corporation's image . . . are part of the day-to-day operations of federal courts."); *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000) ("Many a litigant would prefer that the subject of the case – how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on – be kept from the curious (including its business rivals and customers), but . . . [w]hen [litigants] call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials."). Given that Chipotle has already experienced many food-borne illness outbreaks and has already substantially changed its operations in response, it is difficult to imagine what legitimate adverse consequences would flow from filing unredacted versions of the *Gubricky* Complaint and the *Lashkari* Complaint.

Finally, to the extent that the parties attempt to argue that protection of trade secrets may justify sealing, a party may not meet its burden of showing a compelling interest in sealing court documents by offering a blanket assertion that documents contain trade secrets. Instead, the party must show, and the Court must find on the record, that the specific information at issue is a trade secret. *See Jetway Aviation, LLC v. Bd. of Cnty. Comm'rs*, 754 F.3d 824, 827 (10th Cir. 2014)

("[A] generalized allusion to confidential information is woefully inadequate to meet [the] heavy burden [of justifying sealing]."). Because the parties have made no specific showing that trade secrets would be revealed in the *Gubricky* Complaint or the *Lashkari* Complaint, and the Court has already found the opposite for much of the redacted information in the *Gubricky* Complaint, there are no such concerns with unsealing this information.

### C. The First Amendment's Right to Access Merits Granting This Motion

The Supreme Court has recognized that the public has a First Amendment right of access to judicial proceedings. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980). Although the Tenth Circuit has not explicitly determined this issue, most Circuit courts of appeals have extended *Richmond Newspapers*, which concerned criminal proceedings, to recognize a First Amendment right of public access in civil proceedings. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006); *Courthouse News Serv. v. Planet*, 750 F.3d 776, 785-86 (9th Cir. 2014); *see also Richmond Newspapers*, 448 U.S. at 599 (Stewart, J., concurring in the judgment) ("[T]he First and Fourteenth Amendments clearly give the press and the public a right of access to trials themselves, civil as well as criminal").

The public's First Amendment right to access court records in civil proceedings "enhances the quality and safeguards the integrity of the fact finding process," "fosters an appearance of fairness," and "heighten[s] public respect for the judicial process." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606 (1982); *see also Speight v. Bankrate, Inc.*, 2013 U.S. Dist. LEXIS 197019, at *2 (D. Colo. Oct. 24, 2013) (recognizing that D.C.COLO.LCivR 7.2 implicates the First Amendment and the common law). Because continued redaction of the *Gubricky* Complaint and the

*Lashkari* Complaint infringes upon Proposed Intervenors' First Amendment rights, this Motion should be granted.

### D. There is a Common Law Right to Access the *Gubricky* Complaint and the *Lashkari* Complaint

Courts have long recognized a common law right of access to judicial records. *See, e.g., Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th Cir. 2011). The presumptive right of access to court records can be overcome only if a "real and substantial interest" in secrecy, *Helm*, 656 F.3d at 1292, "'heavily outweigh[s]'" the public interest in access. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). The public interest in access is particularly strong when, as here, "'documents are used to determine litigants' substantive legal rights[.]'" *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012).

Although the First Amendment right of access receives more protection than does the common-law right, *McVeigh*, 119 F.3d at 812, under the common law, the strength of the public interest in accessing pleadings in a civil litigation outweighs any countervailing interest for the reasons explained *supra* in Section B. Accordingly, under the common law, Proposed Intervenors' motion should be granted.

### CONCLUSION

For the foregoing reasons, the Court should grant Proposed Intervenors' motion to unseal.

DATED: July 12, 2017

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIELLE S. MYERS

s/ Danielle S. Myers
DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
danim@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MICHAEL G. CAPECI
58 South Service Road, Suite 200
Melville, NY  11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
mcapeci@rgrdlaw.com

MOTLEY RICE LLC
JAMES M. HUGHES
CHRISTOPHER F. MORIARTY
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone: 843/216-9000
843/216-9450 (fax)
jhughes@motleyrice.com
cmoriarty@motleyrice.com

MOTLEY RICE LLC
WILLIAM H. NARWOLD
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Telephone: 860/882-1681
(860)/882-1682 (fax)
bnarwold@motleyrice.com

*Attorneys for Proposed Intervenors
Robbins Geller Rudman & Dowd LLP and
Motley Rice LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 12, 2017.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:dmyers@rgrdlaw.com

# Mailing Information for a Case 1:16-cv-02011-WJM-KLM Gubricky v. Ells et al.

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kendra N. Beckwith**
  kbeckwith@messner.com,teckhardt@messner.com

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffreyberens@comcast.net

- **Thomas Richard Blackburn**
  tblackburn@messner.com,tdietzgen@MESSNER.COM

- **Andrew Brian Clubok**
  andrew.clubok@kirkland.com,kenymanagingclerk@kirkland.com

- **Thomas Joseph Curry**
  tcurry@labaton.com,ceaton@labaton.com

- **Stuart Jay Guber**
  sguber@faruqilaw.com,sjgesq@aol.com

- **Nathaniel Jacob Kritzer**
  nathaniel.kritzer@kirkland.com,n1kritzer@yahoo.com,kenymanagingclerk@kirkland.com,eric.dellon@kirkland.com

- **Ned C. Weinberger**
  nweinberger@labaton.com,lmehringer@labaton.com,ceaton@labaton.com,sredman@labaton.com

- **Douglas C. Wolanske**
  dwolanske@messner.com,jscott@messner.com,bbernstein@messner.com,mcollier@messner.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`