**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-02011-WJM-KLM
      Consolidated with Civil Action No. 16-cv-03180-RM-MJW

SEAN GUBRICKY, Derivatively on Behalf of Nominal Defendant, CHIPOTLE MEXICAN GRILL, INC.,

      Plaintiff,

v.

STEVE ELLS,
MONTGOMERY F. (MONTY) MORAN,
MARK CRUMPACKER,
JOHN CHARLESWORTH,
KIMBAL MUSK,
PATRICK J. FLYNN,
STEPHEN GILLETT,
ALBERT S. BALDOCCHI,
DARLENE FRIEDMAN, and
NEIL FLANZRAICH.

      Defendants,

-and-

CHIPOTLE MEXICAN GRILL, INC., a Delaware Corporation,

      Nominal Defendant.

---

**RESPONSE TO ROBBINS GELLER RUDMAN & DOWD LLP AND MOTLEY RICE LLC'S MOTION TO UNSEAL THE VERIFIED SHAREHOLDER DERIVATIVE COMPLAINTS FILED BY PLAINTIFFS SEAN GUBRICKY AND CYRUS LASHKARI**

---

Defendants, through their counsel, hereby respectfully request that this Court deny Robbins Geller Rudman & Dowd LLP and Motley Rice LLC's Motion to Unseal the Verified Shareholder and Derivative Complaints Filed by Plaintiffs Sean Gubricky and Cyrus Lashkari (the "**Motion**"). In support of this request, Defendants state as follows:

I.      <u>**Summary of Response**</u>

Proposed Intervenors filed their Motion on two general bases.  First, Proposed Intervenors claim that there is no basis to continue Level 1 Restriction because Proposed Intervenors do not believe the complaints contain any of Chipotle's commercially sensitive information.  Second, Proposed Intervenors claim that they have a First Amendment right to the requested information.

Proposed Intervenors' Motion, however, fails for three distinct reasons: (1) Proposed Intervenors are improperly attempting to circumvent the stay of all proceedings and discovery in their own lawsuit under the Private Securities Litigation Reform Act ("PSLRA"), which has already resulted in the denial of the discovery they seek here, (2) the Court had a proper basis to restrict access to the Complaints and Intervenors have presented no reason that such restriction should be overturned, and (3) Proposed Intervenor's request to unseal portions of the Complaints is untimely under D.C.Colo.L.Civ.R. 7.2(d) and Proposed Intervenors waived the right to challenge the level of restriction afforded the Complaints.

## II.   Background and Pertinent Facts

### A. *Robbins Geller and the Securities Class Action*

Robbins Geller Rudman & Dowd LLP and Motley Rice LLC ("Proposed Intervenors") filed a purported securities class action lawsuit against Chipotle Mexican Grill, Inc. in the United States District Court for the Southern District of New York on January 8, 2016.  The securities class action is styled as *Susie Ong v. Chipotle Mexican Grill, Inc., et al*, Case No. 2016cv00141. The Court in the *Ong* matter dismissed Proposed Intervenor's amended complaint in that case on March 8, 2017, while giving Proposed Intervenors leave to file a second amended complaint to attempt to cure deficiencies in the amended complaint.

2

Proposed Intervenors chose not to serve Chipotle with a books and records demand under the Delaware General Corporation Code before filing the Securities Class Action. *See* 8 D.G.C.L. § 220.

Proposed Intervenors did attempt, however, to conduct discovery during the pendency of Chipotle's motion to dismiss their amended complaint.  Specifically, on September 22, 2016, Proposed Intervenors filed a request with the *Ong* court asking for the exact same information they have requested here:

> In addition to the Amended Complaint's allegations, the Derivative Complaint cites to "documents produced by Chipotle pursuant to 8 Del. C. §220" – i.e., the Section 220 Demand Materials – and prominently references these materials. See Ex. C at 2-3, 21-22, 35-36, 41-53, 63- 64, 71-75, 80-81. According to the Unopposed Motion to Restrict Access to Verified Shareholder Derivative Complaint filed by Gubricky on August 12, 2016, after he served Chipotle with his Section 220 demand, on February 29, 2016, Chipotle began voluntarily providing the Section 220 Demand Materials to Gubricky subject to his entering into a confidentiality agreement with the Company. Ex. D at 2-3 & Ex. E. As explained in Gubricky's motion, the Section 220 Demand Materials "relate to food safety issues concerning the Company and business strategy regarding the same, including Board minutes, and package presentations to the Board and its committees . . . and executive discussions regarding the same." Ex. D at 4. Thus, the Section 220 Demand Materials directly relate to the factual issues central to the Amended Complaint. Given that these materials have already been reviewed and produced (and cited to at length in the Derivative Complaint), Plaintiffs believe a limited lifting of the PSLRA discovery stay is warranted to allow them access to the Section 220 Demand Materials. Indeed, courts in the Southern District of New York have acknowledged that it is appropriate to partially lift the PSLRA discovery stay to provide plaintiffs with materials already collected and produced in a parallel litigation.

(*See* **Exhibit A**, Proposed Intervenor's Motion for Lift of Discovery Stay.)

Proposed Intervenor's Motion for Lift of Discovery Stay was denied by the *Ong* Court on September 29, 2016 as Proposed Intervenors failed to demonstrate that there was a basis to lift the

requirement in the PSLRA that no discovery be permitted during the pendency of a motion to dismiss.  (*See* **Exhibit B**, Court Order Denying Proposed Intervenor's Motion for Lift of Discovery Stay.)

Despite having already requested and been denied these documents, Proposed Intervenors filed their Motion in this matter seeking discovery in violation of the PSLRA stay.   Simply, Proposed Intervenors' request is an end-run around the PSLRA, prior court ruling in *Ong* and is impermissible.

### B.  *Gubricky and Lashkari*

Mr. Gubricky filed his complaint on August 8, 2016.  (CM/ECF #1.)  Within the complaint, Mr. Gubricky notes that he made a 220 Demand to Chipotle and bases many allegations in the complaint on the documents he received through his 220 Demand.   (*See* Complaint, PP. 2.) Chipotle provided responsive information to Mr. Gubricky's 220 Demand subject to a confidentiality agreement.  The confidentiality agreement was also previously filed with the Court. (CM/ECF #21, Exhibit A.)   The Court granted the parties' joint request to keep information produced in response to the 220 Demand by Mr. Gubricky subject to Level 1 Restriction on August 26, 2017.  On August 26, 2017, United States Magistrate Judge Mix stated in her order providing such restriction:

> This matter is before the Court on Plaintiff's Unopposed Motion to Restrict Access to Verified Shareholder Derivative Complaint [#21] ("Motion"). In accordance with D.C.COLO.LCivR 7.2, the Motion was publicly posted to allow for any objections to the sealing of the documents. **No timely objections were filed**. Pursuant to D.C.COLO.LCivR 7.2, the Court finds that the presumption of public access to Court files is outweighed by the parties' interest in privacy, and the parties have shown that a less restrictive alternative is not practicable. Accordingly, IT IS HEREBY ORDERED that the Motion [#21] is GRANTED. The Clerk of the Court is directed to maintain the following document UNDER RESTRICTION at LEVEL

4

1: 1 Plaintiff's Verified Shareholder Derivative Complaint and Jury Demand [#20]. (emphasis added).

Mr. Lashkari filed his complaint on December 27, 2016 in case No. 1:16-cv-03180-RM-KLM.   Similar to Mr. Gubricky, Mr. Lashkari stated in his motion to restrict access to the complaint that:

> Plaintiff's Complaint (D.I.s #1–2) refers to, quotes, and otherwise relies extensively on, nonpublic and apparently commercially sensitive information derived from documents that belong to Chipotle. Chipotle produced the documents to Plaintiff in response to a stockholder demand for corporate books and records that Plaintiff propounded on Chipotle under the laws of the State of Delaware on March 4, 2016.

The documents requested by Mr. Lashkari were also provided subject to a confidentiality agreement.  The Court granted the parties' joint request to keep all such information referred to in the complaint subject to Level 1 restriction on January 6, 2017.  No objections were filed to the parties' joint request.  The *Lashkari* lawsuit was ultimately consolidated with the *Gubricky* lawsuit on May 24, 2017.  The *Gubricky* and *Lashkari* complaints are collectively referred to herein as "Complaints".

On June 7, 2017, this Court granted Chipotle's motion to dismiss Mr. Gubricky's complaint.  (CM/ECF #90.)  Despite Proposed Intervenor's argument on page 5 of their Motion that the Court found items were improperly redacted from the *Gubricky* complaint, the Court made no such finding.  Rather, the Court stated only that it believed it needed to refer to matters that were previously held under seal to explain the reasoning behind the Order granting the Motion to Dismiss.  (*Id.* at PP. 2, n.1.)  Thus, the Court altered its Order previously holding all requested portions of the complaint under Level 1 restriction, for a small portion of the previously sealed information.

Following the Court's June 7, 2017 Order dismissing Mr. Gubricky's complaint without prejudice, the Proposed Intervenors filed this Motion. For all the reasons set forth below, Proposed Intervenors' requests should be denied.

## III.   Argument and Legal Authority

### A.   Proposed Intervenors' Attempt to Circumvent the Court's Order in *Ong* and the Restriction on Discovery under the PSLRA must be Denied

#### 1.   The PSLRA Mandates Denial of Proposed Intervenor's Motion as there is an Automatic Stay on Discovery under the PSLRA

Proposed Intervenors filed their Motion solely for the purpose of making a collateral and impermissible challenge to the court's previous order in *Ong* and the mandatory stay on discovery set forth in the PSLRA. There is no basis to grant Proposed Intervenor's request and it should be denied.

First, it is mandatory under the PSLRA that "***all discovery and other proceedings*** shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u–4(b)(3)(B). As recognized by the District of Colorado, there are significant public policy concerns as to why such discovery and other proceedings are stayed under the PSLRA when a motion to dismiss has been filed:

> Any tactic to achieve discovery solely for the purposes of bolstering one's chances of surviving a motion to dismiss or drafting a superior complaint through discovered material is rejected under the PSLRA. This is because the PSLRA intends a private securities complaint to "stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed." *S.G. Cowen,* 189 F.3d at 912. Thus, courts are on the lookout for plaintiffs on a "fishing expedition." *Carnegie Int'l,* 107 F.Supp.2d at 680; *see also* S. Rep. 104–98, at 14 (aiming to prevent plaintiffs from filing suit so they can use discovery to search "for the slightest positive comment which

> [plaintiff's counsel] can claim induced the plaintiff to invest and any shred of
> evidence that the company knew a downturn was coming.")

*In re Spectranetics Corp. Securities Litigation*, 08–cv–02048–REB–KLM, 2009 WL 3346611, *7

(D. Colo. October 14, 2009) (denying a request to lift a stay on discovery during pendency of a

motion to dismiss).

The only two exceptions recognized with respect to lifting the stay are to preserve evidence

when there is a chance that it may be destroyed or lost or to prevent undue prejudice. *Avenue*

*Capital Management II, LP v. Schaden*, 14–cv–02031–PAB–KLM, 2015 WL 758521, *3 (D.

Colo. February 20, 2015) (denying a request to lift stay on discovery for failure to demonstrate

either exception applied).

As the Court in *Ong* already determined, Plaintiffs have not demonstrated that either

exception permits discovery here. (Ex. B ("Plaintiffs have failed to demonstrate 'that

particularized discovery is necessary to preserve evidence or to prevent undue prejudice to

[them].'"). Here, Plaintiffs again have submitted no evidence that there is any likelihood that

evidence will be lost or destroyed if their motion to unseal the complaint is not granted. With

respect to the second exception, Plaintiffs have also failed to demonstrate that there will be any

"undue prejudice" if they are unable to gain access to few paragraphs of the Complaints that were

filed under Level 1 Restriction. Proposed Intervenor's only argument is that they need this

information to "investigate" alleged wrongful conduct. *See* Motion at 2. However, this does not

constitute "undue prejudice." "Whether PSLRA plaintiffs should be subjected to a discovery stay

while other parties, who are bringing claims under other causes of action, are not subjected to a

stay is a question for Congress, and one that Congress has answered. . . . The discrepancy between

PSLRA actions and other actions is not evidence of undue prejudice, but rather evidence of

7

Congress's judgment that PSLRA actions should be treated differently than other actions. This Court may not second-guess that judgment." *In re Refco, Inc.*, 05 Civ. 8626, 2006 WL 2337212, at *2 (S.D.N.Y. Aug. 8, 2006).

Proposed Intervenors' request to unseal the Complaints is an end-run around the discovery stay mandated by the PSLRA and it must be denied under the clear mandates set forth in the PSLRA.

> **2.    The United States District Court for the Southern District of New York has Already Denied Proposed Intervenor's Request and this Motion is an Improper Collateral Attack on that Ruling**

As set forth in the factual recitation above, the court in *Ong* already considered Proposed Intervenors' request for all documents and information produced in response to the 220 Demands from *Gubricky* and *Lashkari* and the court denied the same.  *See* **Exhibit B.**  This Motion is nothing more than an attempt to relitigate issues that were already decided in *Ong* through an inappropriate collateral attack on the Court's ruling in *Ong* and the Court should decline to entertain this attack.

A case cited by Proposed Intervenors in their motion for permissive intervention is instructive on this point.  The Tenth Circuit has long explained:

> …the district court must refrain from issuing discovery orders applicable only to collateral litigation. "[F]ederal civil discovery may not be used merely to subvert limitations on discovery in another proceeding.... [and] a collateral litigant has no right to obtain discovery materials that are privileged or otherwise immune from eventual involuntary discovery in the collateral litigation."  While the district court here properly granted collateral litigants access to discovery under its protective order, "[q]uestions of the discoverability in the [collateral] litigation of the materials discovered in [this] litigation are, of course, for the [collateral] courts."

*United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990) (internal citations omitted).

8

The *Ong* court specifically found that there was no reason to ignore the mandate in the PSLRA and allow discovery into the 220 Demands made by *Gubricky* and *Lashkari*, which necessarily include the information that is currently filed under Level 1 Restriction in the Complaints.

Stated another way, the Tenth Circuit's concerns in *United Nuclear* are exactly in line with Proposed Intervenor's request in this case. Proposed Intervenors are merely attempting to subvert a specific order by the United States District Court for the Southern District of New York and to subvert the express limitation on discovery in the PSLRA. Chipotle respectfully asks that the Court deny Proposed Intervenor's attempt to relitigate issues previously determined by the *Ong* court and deny Proposed Intervenor's request to unseal the Complaints.

### B. The District Court Properly Granted Chipotle's Motions to Seal the Complaints and there is no Basis to Overturn those Rulings

Proposed Intervenor's primary argument is that there is no basis to continue sealing the Complaints because the redacted information is not commercially sensitive and/or because there is an alleged First Amendment right for Proposed Intervenors to gain access to such information. These arguments fail as there was and remains a significant concern that the redacted information will be used by Chipotle's competitors, the parties agreed to confidentiality when the Section 220 Demand information was provided to *Gubricky* and *Lashkari*, and because Chipotle's interest in maintaining the secrecy of such information outweighs any public interest in the information.

At the outset, Proposed Intervenors only provide a partial statement of the law in their Motion. Proposed Intervenors cite *United States v. McVeigh* for the proposition that there is a presumption that judicial documents should be available to the public. (See Mot. at PP. 3.) 119 F.3d. 806, 811 (10th Cir. 1997). However, it is axiomatic that "[a]ll courts have supervisory

powers over their own records and files. Thus a court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests." *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir. 1985) (internal citations and quotation marks omitted), *cert. denied sub nom.*, *Hopkinson v. United States,* 474 U.S. 1022 (1985); *see also* D.C.Colo.L.CivR. 7.2. One such clear example of where a private interest favors nondisclosure is when a private business may be competitively harmed by the release of such information. *See e.g., XY, LLC v. Trans Ova Genetics, LC*, 13-CV-00876-WJM-NYW, 2015 WL 7014419, at *3 (D. Colo. Nov. 12, 2015) (restricting access to commercial license agreement and sorting agreement in order to protect "confidential business information that the Parties assert would place them at a competitive disadvantage if disclosed.").

In this case and as recognized by Proposed Intervenors in their Motion, the information contained in the Complaints was only obtained after the parties executed a specific and restrictive confidentiality agreement.  The purpose of this agreement was to protect Chipotle's business strategies, financial information, trade secrets and confidential Board-level discussions.  Chipotle would be significantly harmed if this information were to become public for the world to see, including Chipotle's competitors.  Additionally, allowing such information to become public completely undermines the parties' confidentiality agreement and the intent behind the same.  If this Motion is granted, it will also discourage other parties from being forthcoming with Section 220 claimants in the future.  The information also serves no public purpose.  In fact, the overriding public policy concerns are maintaining Chipotle's right to keep its confidential business strategies, documents and discussions confidential and in encouraging private parties to exchange information subject to a books and records demand.  The fact that the parties entered into these

confidentiality agreements is a factor for the Court to consider under D.C.Colo.LCivR 7.2(c).

Specifically, Chipotle sought to protect from disclosure certain paragraphs in the Complaints that relate to Board-level materials in its motions to restrict. The redacted information includes excerpts from Board meeting materials, including internal audits performed by the company (including the frequency of audits, budget for the same, strategy for such audits, and results of such audits), plans for future audits, sales results, goals, and numbers. Imbedded in such information are Chipotle's internal policies and procedures concerning food preparation, customer safety, and marketing. Chipotle stands to suffer significant harm if its confidential business strategies, information, discussions, documents and trade secrets are publicly disclosed for all its competitors to use without restriction.

The District of Colorado has also explained that restriction is particularly appropriate when the party requesting such restrictions have explained the harms and narrowly sought protection, including the public filing of redacted versions of the offending documents. *See e.g. L-3 Communs. Corp. v. Jason Eng'g & Maint., Inc.*, 10–cv–02868–MSK–KMT, 2013 WL 5437775 (ordering party seeking redaction to refile redacted versions of these exhibits that omit the irrelevant sensitive material"). Here, public versions of the Complaints were filed in both *Gubricky* and *Lashkari*, and both Complaints contain a vast amount of information that was not subject to restriction. The parties carefully worked together to ensure that the redactions were limited to information that is sensitive and could cause commercial harm to Chipotle. Just as in *L-3 Communs. Corp.*, restriction is appropriate in this situation.

Proposed Intervenors also argue that because the Court chose to use some of the redacted information in its June 7 Order that the remainder of the redacted information poses no risk of

injury to Chipotle and should be unsealed.  (*See* Motion at 5.)  The fact, however, that the Court chose not to reveal the remainder of the restricted information proves exactly the opposite. If the Court felt that the remainder of the information should not have been sealed, the Court could have just as easily removed the Level 1 restriction for all information in the *Gubricky* complaint. Proposed Intervenors also fail to recognize that **none** of the information from *Lashkari* has been released by the Court and it has remained sealed since January 2017.

There is another significant public policy concern that weighs heavily in favor of denying Potential Intervenor's Motion.  Specifically, parties will be much less likely to share forthcoming information in the 220 demand context if the parties' confidentiality agreements are not upheld. Chipotle would have been much less likely to provide documents to Mr. Gubricky and Mr. Lashkari without court intervention if Chipotle knew that there was a risk its competitive information would eventually become public to its competitors.

Proposed Intervenors also argue that they have some alleged First Amendment right that should justify the Court granting the Motion.  Again, however, this is a partial statement of the law.  As the United States Supreme Court has long recognized "the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 598 (1978) (explaining that an effort to obtain "business information that might harm a litigant's competitive standing" is one of those improper purposes where the First Amendment does not provide a right of access to court files. *Id*. (citations omitted).  The case cited by Proposed Intervenors contains the same proposition. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. at 600 n.5 (1980)) (noting that the need to

preserve sensitive commercial information can justify the closure of court proceedings and the filing of documents under seal.).   In other words, the Court's decision does not "infringe" on Proposed Intervenor's First Amendment rights because the Court properly restricted the Complaints in its supervisory power over its own files and in order to protect Chipotle's confidential information and trade secrets from their competitors.   Thus, Proposed Intervenors' Motion must be denied.

### C.   Proposed Intervenors Waived their Right to Object by Failing to Timely Object to the Motions to Restrict Access

D.C.COLO.LCivR 7.2(d) provides that "[a]ny person may file an objection to the motion to restrict **no later than three business days after posting**." (emphasis added).

Here, Proposed Intervenors filed their Motion nearly 11 months after portions of the complaint were granted Level 1 Restriction by the Court in *Gubricky*.  Proposed Intervenors filed their Motion seven (7) months after the complaint was granted Level 1 Restriction by the Court in *Lashkari*.

Proposed Intervenors were well aware of the pending actions in *Gubricky* and *Lashkari* and specifically referenced those pleadings in their Second Amended Complaint.  (See **Exhibit D**, pertinent portion of Second Amended Complaint.)   The respective motions to restrict were properly posted publicly on the website for the United States District Court for the District of Colorado, and Proposed Intervenors did not file any objections.  (*See* CM/ECF #34, August 26, 2016 Order, **Exhibit C**.)

The failure of the Proposed Intervenors to file any objections until this Motion is fatal to their request to unseal the Complaints.  *See R & G Mortg. Corp. v. Federal Home Loan Mortg. Corp.*, 584 F.3d 1, 12 (1st Cir. 2009) (holding that "the absence of a timely challenge to the sealing

order precludes any full-blown inquiry into the propriety of that order"). In *R&G*, the court found that a challenge to a sealing order was untimely when the proposed intervenor failed to file their request to unseal the complaint until after the parties had resolved the case. *Id*. Similarly, in this case, Proposed Intervenors waited until the Court already granted a motion to dismiss the *Gubricky* matter and the parties filed a pleading with the Court indicating that they were in the late stages of settlement negotiations. It is clear that Proposed Intervenors were well aware that Mr. Gubricky filed this lawsuit, considering Proposed Intervenors cited Mr. Gubricky's complaint and the motion to seal in their September 22, 2016 request for discovery in *Ong*. *See* **Exhibit A**

The *R&G* court also explained that one consideration in whether the challenge to the motion to unseal was timely is whether there was truly a public purpose for needing the information. *Id*. at 12. *R&G* found that there was truly no public purpose for unsealing the complaint when the proposed intervenors simply wanted the information to "secure a remedy" for itself. *Id*. at 11. Here, Proposed Intervenors do not provide any reason they need the requested other information other than it is supposedly "important and relevant" to their "ongoing investigation" of allegedly improper conduct.

Proposed Intervenors also want to improperly take advantage of the fact that both Cyrus Lashkari and Sean Gubricky used proper procedural mechanisms to obtain information available to them, where Proposed Intervenors client did not. In other words, Proposed Intervenors chose to file their purported securities class action as quickly as possible without first seeking a statutory books and records request under Delaware law. Proposed Intervenors' failure to use their available procedural mechanisms to discover the information available in this lawsuit is not a basis to lift the restrictions placed on the Complaints. *See, e.g., Baca v. Insight Enterprises, Inc*., 2010 WL

14

2219715, *6 (Del. Ch. June 3, 2010) (explaining that "Section 220 should be used before filing a derivative complaint, not after. Although there are special circumstances under which a Section 220 demand would not be foreclosed by a prior derivative action, none are present here. Baca did not conduct a proper pre-filing investigation. He cannot attempt to remedy that failure through post-filing procedural contortions").

Proposed Intervenors claim that their Motion was timely by citing *United States v. Pickard* which explained that a court may loosen restrictions on sealed documents even when a case has ended. 733 F.3d 1297, 1300 (10th Cir. 2003). However, *Pickard* is inapplicable to this matter. *Pickard* arises out of a case from the District of Kansas, which has no local rule specifically mandating when objections to a motion to seal may be filed. *See* D. Kan. Rule 5.4.6. In contrast, the United States District Court for the District of Colorado imposes a three day limitation on filing objections to motions to seal pleadings.

In sum, Proposed Intervenor's failure to timely intervene despite being aware of this matter and despite the public notice on the Court's website is in violation of the District of Colorado's Local Rules and is fatal to their request to unseal the Complaints.

WHEREFORE, Defendants respectfully ask that the Court deny Proposed Intervenor's Motion and continue to provide Level 1 Restriction to the complaints in *Gubricky* and *Lashkari*.

Dated this 2nd day of August 2017.

*/s/ Thomas R. Blackburn*
Douglas C. Wolanske, #29660
Kendra N. Beckwith, #40154
Thomas R. Blackburn, #41136
MESSNER REEVES LLP
1430 Wynkoop Street, Suite 300
Denver, CO  80202

Phone No.: (303) 623-1800
Facsimile No: (303) 623-0552
E-Mail:  dwolanske@messner.com
E-Mail:  kbeckwith@messner.com
E-Mail:  tblackburn@messner.com

Andrew B. Clubok
Nathaniel J. Kritzer
KIRKLAND & ELLIS LLP
601 Lexington Ave.
New York, NY 10022
Phone No.: (212) 446-4800
Facsimile No: (212) 446-4900
E-Mail: andrew.clubok@kirkland.com
E-Mail: nathaniel.kritzer@kirkland.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2017, I electronically filed the foregoing **RESPONSE TO ROBBINS GELLER RUDMAN & DOWD LLP AND MOTLEY RICE LLC'S MOTION TO UNSEAL THE VERIFIED SHAREHOLDER DERIVATIVE COMPLAINTS FILED BY PLAINTIFFS SEAN GUBRICKY AND CYRUS LASHKARI** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List:

Jeffrey Berens
Berens Law LLC
2373 Central Park Boulevard, Suite 100
Denver, Colorado 80238
Phone: 303-861-1764
Fax: 303-395-0393
jeff@berenslaw.com

FARUQI AND FARUQI, LLP
Stuart J. Guber
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Tel: 215-277-5770
Fax: 215-277-5771
sguber@faruqilaw.com

FARUQI AND FARUQI, LLP
Nadeem Faruqi
Nina M. Varindani
369 Lexington Avenue, 10th Floor
New York, NY 10017
Tel: 212-983-9330
Fax: 212-983-9331
nfaruqi@faruqilaw.com
nvarindani@faruqilaw.com
Attorneys for Plaintiff

*/s/ Thomas R. Blackburn*