# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-02011-WJM-KLM
Consolidated with Civil Action No. 1:16-cv-03180-WJM-KLM

SEAN GUBRICKY, Derivatively on Behalf of Plaintiff, Nominal Defendant, CHIPOTLE MEXICAN GRILL, INC.,
 Plaintiff,
v.
STEVE ELLS,
MONTGOMERY F. (MONTY) MORAN,
MARK CRUMPACKER,
JOHN CHARLESWORTH,
KIMBAL MUSK,
PATRICK J. FLYNN,
STEPHEN GILLETT,
ALBERT S. BALDOCCHI,
DARLENE FRIEDMAN, and
NEIL FLANZRAICH,

 Defendants,

-and-

CHIPOTLE MEXICAN GRILL, INC., a Delaware Corporation,

 Nominal Defendant.

## [PROPOSED] SCHEDULING ORDER

This matter having come before the Court upon the parties' joint submission of the Stipulation and Agreement of Settlement and Release (the "Agreement"), dated September 29, 2017, and the exhibits attached thereto, and the Court having reviewed the Agreement and being fully advised of the premises therein, IT IS HEREBY ORDERED that[1]:

---

[1] Unless otherwise defined herein, all capitalized terms have the same meaning as they have in the Agreement.

1.  A hearing (the "Settlement Hearing") shall be held before this Court on the ____ day of _____, 2017 at _____, in Courtroom ____ at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3289, to (i) determine whether the above-captioned action (the "Action") may proceed as a shareholder derivative action pursuant to Federal Rule of Civil Procedure 23.1, solely for purposes of the Settlement and without prejudice to the Company's right to raise defenses under Rule 23.1 or any other defenses in the Action in the event that the Court fails to grant final approval of the Settlement, (ii) determine whether the Settlement, on the terms and conditions provided for in the Agreement, is fair, reasonable, and adequate and in the best interests of Chipotle Mexican Grill, Inc. ("Chipotle") and its shareholders, (iii) determine whether the Court should finally approve the Settlement and enter a judgment, substantially in the form attached to the Agreement as Exhibit E, dismissing the Action with prejudice and extinguishing and releasing the claims as set forth therein, (iv) hear and determine any objections to the Settlement, (v) rule on Plaintiffs' application for an award of attorneys' fees and expenses and application for a service award for the individual plaintiffs, and (vi) rule on such other matters as the Court may deem appropriate.

2.  The Court approves, as to form and content, the Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, and Settlement Hearing (the "Notice"), attached as Exhibit C to the Agreement, and the Summary Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, and Settlement Hearing (the "Summary Notice"), attached as Exhibit D to the Agreement, and finds that the mailing and posting of these notices, substantially in the manner and form set forth in the Agreement, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, are the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Chipotle's shareholders.

3. At least **forty-five (45) business days** before the Settlement Hearing, Chipotle shall cause the Notice, attached as Exhibit C to the Agreement, to be mailed by first-class mail to all shareholders of record as of the close of business on the date of this Order at the addresses provided on the books of Chipotle. If requested by any shareholder of record who holds shares on behalf of one or more beneficial holders, the Company promptly shall provide the shareholder of record with sufficient copies of the Notice for the shareholder of record to send to the beneficial holders on whose behalf the shareholder of record holds shares.

4. At least **forty-five (45) business days** before the Settlement Hearing, Chipotle shall cause the Notice to be posted on its corporate website.

5. At least **forty-five (45) business days** before the Settlement Hearing, Chipotle shall cause the newswire service PR Newswire to issue the Summary Notice once to the public in the United States.

6. At least **fourteen (14) days** before the Settlement Hearing, Chipotle shall file with the Court proof, by appropriate declaration, of such mailing and posting described in paragraphs 3, 4, and 5.

7. All papers in support of the Settlement shall be filed with the Court and served at least **twenty (20) days** before the Settlement Hearing. Any reply papers and/or additional papers in support shall be filed with the Court at least **seven (7) days** before the Settlement Hearing.

8. Any Chipotle shareholders may appear and show cause, if he, she, or it has any reason why the Settlement should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, or why attorneys' fees and expenses should not be awarded to Plaintiffs' Counsel, or why a service award should not be awarded to each of the Plaintiffs; provided, however, that no Chipotle shareholder shall be heard or entitled to contest the

approval of the terms and conditions of the settlement unless that person has, at least **fourteen (14) days** before the Settlement Hearing, filed a detailed objection in writing (described further below) with the Clerk of Court and served on the following counsel so that it was received no later than fourteen (14) days before the Settlement Hearing:

>Thomas R. Blackburn
>Messner Reeves LLP
>1430 Wynkoop Street, Suite 300
>Denver, Colorado 80202
>
>*Counsel for Defendants*

>Stuart J. Guber
>Faruqi & Faruqi LLP
>101 Greenwood Avenue, Suite 600
>Jenkintown, PA 19046
>
>*Co-Lead Counsel for Plaintiffs*

Such objections must contain the following information: (i) the Chipotle shareholder's name, legal address, and telephone number; (ii) proof of being a current Chipotle shareholder as of the record date; (iii) the date(s) the Chipotle shareholder purchased their Chipotle shares; (iv) a statement of the Chipotle shareholder's position with respect to the matters to be heard at the Settlement Hearing, including a statement of each objection being made; and (v) the grounds for each objection or the reasons for the Chipotle shareholder desiring to appear and to be heard. Any Chipotle shareholder who fails to object or otherwise request to be heard in the manner prescribed above will be deemed to have waived the right to object to any aspect of the Settlement or to otherwise request to be heard (including the right to appeal) and will be forever barred from raising such objection or request to be heard in this or any other action or proceeding, and shall be bound by the Settlement, the judgment, and the releases given.

**IT IS SO ORDERED.**

Dated: _____            By: _____
                                    Honorable William J. Martinez
                                    United States District Judge

# **EXHIBIT C**

## **NOTICE OF PENDENCY OF DERIVATIVE ACTION, PROPOSED AGREEMENT OF SETTLEMENT AND RELEASE, AND SETTLEMENT HEARING**

**TO: ALL CURRENT RECORD HOLDERS AND BENEFICIAL OWNERS OF COMMON STOCK OF CHIPOTLE MEXICAN GRILL, INC. ("CHIPOTLE" OR THE "COMPANY") AS OF SEPTEMBER 29, 2017 (THE "RECORD DATE") ("CURRENT CHIPOTLE SHAREHOLDERS").**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF *GUBRICKY V. ELLS*, NO. 16-CV-02011-WJM-MEH (THE "ACTION"), A SHAREHOLDER DERIVATIVE ACTION, AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS. IF THE COURT APPROVES THE SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE "RELEASED CLAIMS," AS DEFINED HEREIN.**

**THE COURT HAS MADE NO FINDINGS OR DETERMINATIONS CONCERNING THE MERITS OF THE ACTION. THE RECITATION OF THE BACKGROUND AND CIRCUMSTANCES OF THE SETTLEMENT CONTAINED HEREIN DOES NOT CONSTITUTE THE FINDINGS OF THE COURT. IT IS BASED ON REPRESENTATIONS MADE TO THE COURT BY COUNSEL FOR THE PARTIES.**

Notice is hereby provided to you of the proposed settlement (the "Settlement") of this shareholder derivative lawsuit. This Notice is provided by Order of the United States District Court for the District of Colorado (the "Court"). It is not an expression of any opinion by the Court. It is to notify you of the terms of the proposed Settlement, and your rights related thereto.

### **1. WHY THE COMPANY HAS ISSUED THIS NOTICE**

Sean Gubricky and Cyrus Lashkari (collectively "Plaintiffs"), Nominal Defendant Chipotle, and defendants M. Steven Ells, Montgomery F. Moran, Albert S. Baldocchi, Mark Crumpacker, John S. Charlesworth, Kimbal Musk, Patrick J. Flynn, Stephen Gillett, Darlene J. Friedman, and Neil Flanzraich (collectively "Defendants," and collectively with Plaintiffs and Chipotle the "Parties") have agreed upon terms to settle the Action on the terms set forth in the Stipulation and Agreement of Settlement and Release ("Agreement"), dated September 29, 2017, which can be viewed and/or downloaded at www.chipotle.com.

On _____, at _____, the Court will hold a hearing (the "Settlement Hearing") in the Action. The purpose of the Settlement Hearing is to determine: (i) whether the terms of the Agreement are fair, reasonable, and adequate and should be approved; (ii) whether a final judgment should be entered; and (iii) such other matters as may be necessary or proper under the circumstances.

## 2. SUMMARY OF THE ACTION

On August 8, 2016, a Chipotle stockholder, Sean Gubricky, filed a lawsuit in the United States District Court for the District of Colorado, asserting claims derivatively on behalf of Chipotle. That lawsuit was styled *Gubricky v. Ells, et al.*, C.A. No. 1:16-cv-2011-WJM-KLM (D. Colo.). Then, on December 27, 2016, another Chipotle Stockholder, Cyrus Lashkari, filed a related lawsuit in the same court, also asserting claims derivatively on behalf of Chipotle. The second lawsuit was styled *Lashkari v. Ells, et al.*, C.A. No. 1:16-cv-03180-RM-MJW (D. Colo.).

The *Gubricky* and *Lashkari* actions each alleged that certain current and former officers and directors of Chipotle violated state law and breached their fiduciary duties in connection with alleged failures to manage the risk of food-borne illness at the Company's restaurants and to properly oversee the Company's response to a series of food-borne illness outbreaks at the Company's restaurants beginning in the summer of 2015. Because of the overlapping nature of their claims, the stockholder plaintiffs in the two actions agreed to consolidate their lawsuits, with the *Gubricky* action to remain the lead, or operative, case (the "Action"). The stockholder plaintiffs filed a motion to consolidate their actions on January 24, 2016 and the Court granted that motion on May 24, 2017.

On June 7, 2017, the Court granted a motion by the Defendants to dismiss the consolidated Action on the grounds that, under applicable Delaware law, Sean Gubricky lacked standing to bring a derivative suit because he had failed to allege it would have been futile for him to have demanded that the Chipotle Board institute the litigation on Chipotle's behalf. The Court, however, issued its order without prejudice so as to give Gubricky the opportunity to make a litigation demand on the Chipotle Board.

## 3. SETTLEMENT

On September 29, 2017, Plaintiffs and Defendants entered into the Agreement to resolve the Action.

Pursuant to the Agreement, Chipotle will institute certain internal controls and corporate governance reforms designed to ensure improved oversight by the Board and senior management of food-safety issues in the future and to prevent further alleged food-borne illness outbreaks such as those giving rise to the Action. As explained in more detail in the Agreement, Chipotle will implement corporate reforms including the following:

1. Chipotle will continue to maintain, for at least two years, a Food Safety Advisory Council, which shall meet at least quarterly and be comprised of independent consulting experts in food safety dedicated to investigating, evaluating, and making recommendations regarding food safety to the Company's Executive Director of Food Safety, who shall participate in all Council meetings and serve as the liaison between the Company and the Council.

    The Council is charged with continually reviewing Chipotle's food safety procedures and strategies, validating existing initiatives, and advising on opportunities for improvement.

        The Council's recommendations will be reported to Chipotle management at least quarterly and more often as needed. Further, the Executive Director of Food Safety shall report the Council's activities to the Board on a quarterly basis, ensuring that the Board will remain apprised of the Council's views and recommendations.

2.     Chipotle will amend its whistleblower program, as necessary, to ensure, *inter alia*, that: (i) the Company's General Counsel shall be responsible for reporting to the Audit Committee details of any significant food-borne illness related complaint and shall provide a detailed report concerning his or her investigation of such complaints no later than the next Audit Committee meeting; (ii) a log of all such significant food-borne illness related complaints, and the results of all investigations of such complaints, which shall be memorialized in writing and maintained by the CFO and General Counsel for a period approved by the Audit Committee; and (iii) that Chipotle shall continue to allow its independent auditor access to the log and investigation results upon request. Chipotle will also continue to allow the Audit Committee full access to the complaint log, complaint reports, and related materials. Chipotle shall also place contact information and directions for the Whistleblower Hotline on its website.

3.     Chipotle will commit that not less than three of Chipotle's Board members who were Board members in November 2016 will no longer be directors of the Company by May 2018 (which each of the following shall be credited towards this requirement: the departure of Montgomery Moran from the Board, the four new Board appointees who have joined the Board in December 2016, and the four Board members who will not be running for election in 2017).

The Agreement also provides for the entry of judgment dismissing the Action against the Defendants with prejudice and, as explained in more detail in the Agreement, releasing and discharging certain known and unknown claims that could have been brought in any court by the Plaintiffs in the Action or by Chipotle, or any of its shareholders, derivatively against the Defendants and Chipotle, its direct and indirect subsidiaries, and all of their past, present, and future officers, directors, shareholders, members, partners, managers, agents, attorneys, and insurers that relate to, arise out of, or concern Plaintiffs' Claim or Plaintiffs' Allegations, including all claims or allegations that were brought or could have been brought in the Action, as of the Effective Date of the Agreement. Without limiting the foregoing in any way, this release explicitly includes a release of the claims being asserted by plaintiffs in a related action pending in Colorado state court, styled *In re Chipotle Mexican Grill, Inc. Derivative Litigation*, 2016CV31215 (Colo. Dist. Ct. Denver Cty.).

## 4.     PLAINTIFFS' ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS TO NAMED PLAINTIFFS

After negotiating corporate governance reforms, counsel for Plaintiffs, the Company, and Defendants negotiated the attorneys' fees that Chipotle would pay to Plaintiffs' Counsel. As a result of these negotiations, and in light of the substantial benefit conferred, Chipotle has agreed to pay Plaintiffs' Counsel attorneys' fees and expenses of $375,000 ("Fee and Expense Award"). To date, Plaintiffs' Counsel have not received any payments for their efforts. The Fee and Expense

Award will compensate Plaintiffs' Counsel for their efforts in prosecuting this Action and the substantial benefits achieved for Chipotle and its shareholders. Plaintiffs intend to seek a Service Award in an amount of up to $1,000 for each Plaintiff, which shall be paid from the Fee and Expense Award.

## 5. REASONS FOR THE SETTLEMENT

The Court did not enter judgment in favor of Plaintiffs or Defendants. The proposed Settlement was negotiated at arm's-length by attorneys for the Parties. The attorneys for all of the Parties have extensive experience in shareholder derivative cases, and they all believe the Settlement is in the best interest of their clients. Chipotle and Plaintiffs believe that the Settlement provides substantial benefits upon Chipotle and its shareholders.

### 5.1 Why Did Plaintiffs Agree to Settle?

Plaintiffs' Counsel investigated claims and the underlying events and transactions alleged in the Action, including by securing nonpublic Company documents through a books and records demand. Plaintiffs' Counsel have analyzed the evidence adduced during their investigation, and have researched the applicable law with respect to the claims of Plaintiffs, Chipotle, and its shareholders against Defendants and the potential defenses thereto.

Based upon their investigation, Plaintiffs and their counsel have concluded that the terms and conditions of the Agreement are fair, reasonable, and adequate to Plaintiffs, Current Chipotle Shareholders, and Chipotle, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of the Agreement after considering, among other things: (a) the substantial benefits that Chipotle and its shareholders will receive from the Agreement, (b) the attendant risks of continued litigation of the Action, and (c) the desirability of permitting the Settlement to be consummated.

In particular, Plaintiffs and their counsel considered the significant litigation risk inherent in this Action. The law imposes significant burdens on Plaintiffs for pleading and proving a shareholder derivative claim. While Plaintiffs believe their claims are meritorious, Plaintiffs acknowledge that there is a substantial risk that the Action may not succeed in producing a recovery in light of the applicable legal standards and possible defenses. Plaintiffs and their counsel believe that, under the circumstances, they have obtained the best possible relief for Chipotle and its shareholders.

### 5.2 Why Did the Defendants Agree to Settle?

Litigation presents inherent risks. Although Defendants deny that they acted improperly, the defense of the Action requires an expenditure of corporate resources, in particular, of management time and attention. After investigation of the underlying facts and analyzing the applicable law, Defendants believe that the arm's-length Settlement negotiated with Plaintiffs is appropriate under the circumstances. The Settlement provides a certain and specific resolution of the disputes and provides corporate governance changes that are beneficial to Chipotle's shareholders. The Settlement also permits Chipotle's management to focus their attention on Chipotle's business affairs, which is where the focus of management should be.

**6.    SETTLEMENT HEARING**

On _____, 2017, at _____, the Court will hold the Settlement Hearing before the Honorable William J. Martinez at the Alfred A. Arraj United States Courthouse, 901 19th Street Denver, Colorado 80294-3589, in Courtroom ____.  At the Settlement Hearing, the Court will consider whether the terms of the Settlement are fair, reasonable, and adequate and thus should be finally approved and whether the Action should be dismissed with prejudice pursuant to the Agreement.

**7.    RIGHT TO ATTEND SETTLEMENT HEARING**

Any Current Chipotle Shareholder may, but is not required to, appear in person at the Settlement Hearing.  If you want to be heard at the Settlement Hearing, you must first comply with the procedures for objecting, which are set forth below.  The Court has the right to change the hearing dates or times without further notice.  Thus, if you are planning to attend the Settlement Hearing, you should confirm the date and time before going to the Court.  CURRENT CHIPOTLE SHAREHOLDERS WHO HAVE NO OBJECTION TO THE SETTLEMENT DO NOT NEED TO APPEAR AT THE SETTLEMENT HEARING OR TAKE ANY OTHER ACTION.

**8.    RIGHT TO OBJECT TO SETTLEMENT AND PROCEDURES FOR DOING SO**

You have the right to object to any aspect of the Settlement.  You must object in writing, and you may request to be heard at the Settlement Hearing.  If you choose to object, then you must follow these procedures.

    8.1    You Must Make Detailed Objections in Writing

Any objection must be presented in writing and must contain the following information.  The Court may not consider any objection that does not substantially include the following information:

1. Your name, legal address, and telephone number;

2. Proof of being a Current Chipotle Shareholder as of the Record Date;

3. The date(s) you purchased your Chipotle shares;

4. A statement of your position with respect to the matters to be heard at the Settlement Hearing, including a statement of each objection being made;

5. The grounds for each objection or the reasons for your desiring to appear and to be heard;

6. Notice of whether you intend to appear at the Settlement Hearing (this is not required if you have lodged your objection with the Court); and

7. Copies of any papers you intend to submit to the Court, along with the names of any witness(es) you intend to call to testify at the Settlement Hearing and the subject(s) of their testimony.

      8.2      You Must Timely Deliver Written Objections to the Court, Plaintiffs' Counsel, and Defendants' Counsel

YOUR WRITTEN OBJECTIONS MUST BE ON FILE WITH THE CLERK OF THE COURT NO LATER THAN FOURTEEN (14) DAYS BEFORE THE SETTLEMENT HEARING.

The Court Clerk's address is:

Clerk of the Court
United States District Court
District of Colorado
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, Colorado 80294-3589

YOU ALSO MUST DELIVER COPIES OF YOUR WRITTEN OBJECTIONS TO COUNSEL FOR PLAINTIFFS AND COUNSEL FOR DEFENDANTS SO THEY ARE RECEIVED NO LATER THAN FOURTEEN (14) DAYS BEFORE THE SETTLEMENT HEARING. Counsel's addresses are:

| Stuart J. Guber | Thomas R. Blackburn |
| Faruqi & Faruqi LLP | Messner Reeves LLP |
| 101 Greenwood Avenue, Suite 600 | 1430 Wynkoop Street, Suite 300 |
| Jenkintown, PA 19046 | Denver, Colorado 80202 |
| *Co-Lead Counsel for Plaintiff* | *Counsel for Defendants* |

## 9.    HOW TO OBTAIN ADDITIONAL INFORMATION

This Notice summarizes the Agreement. It is not a complete statement of the events of the Action or the Agreement.

You may inspect the Agreement and other papers in the Action at the United States District for the District of Colorado's Clerk's office at any time during regular business hours of each business day. The Clerk's office is located at the United States District Court for the District of Colorado, United States District Court District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3589.

PLEASE DO NOT CALL, WRITE, OR OTHERWISE DIRECT QUESTIONS TO EITHER THE COURT OR THE CLERK'S OFFICE. Any questions you have about matters in this Notice should be directed by telephone to Faruqi & Faruqi LLP at (215) 277-5770 or in writing to Faruqi & Faruqi LLP, 101 Greenwood Avenue, Suite 600, Jenkintown, PA 19046.

DATED: _____, 2017
BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

# EXHIBIT D

# SUMMARY NOTICE

**THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO *GUBRICKY V. ELLS*, NO. 16-CV-02011-WJM-KLM (THE "ACTION"), SUMMARY NOTICE OF PENDENCY OF DERIVATIVE ACTION, AGREEMENT OF SETTLEMENT AND RELEASE, AND SETTLEMENT HEARING**

**TO: ALL CURRENT RECORD HOLDERS AND BENEFICIAL OWNERS OF COMMON STOCK OF CHIPOTLE MEXICAN GRILL, INC. ("CHIPOTLE" OR THE "COMPANY") AS OF SEPTEMBER 29, 2017 (THE "RECORD DATE") ("CURRENT CHIPOTLE SHAREHOLDERS")**

YOU ARE HEREBY NOTIFIED that the parties to the Action have reached a settlement to resolve the issues raised in the Action ("Settlement").

PLEASE BE FURTHER ADVISED that pursuant to an Order of the United States District Court for the District of Colorado, a hearing will be held before the Honorable William J. Martinez in the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3589, in Courtroom ____, on _____ at _____ to determine: (i) whether the terms of the Settlement are fair, reasonable, and adequate and should be approved; (ii) whether a final judgment should be entered; and (iii) such other matters as may be necessary or proper under the circumstances.

If you are a Current Chipotle Shareholder, you may have certain rights in connection with the proposed Settlement. You should obtain a copy of the full printed Notice of Pendency of Derivative Action, Proposed Agreement of Settlement and Release, and Settlement Hearing, at www.chipotle.com or by writing Faruqi & Faruqi LLP at 215-277-5770 or in writing to Faruqi & Faruqi LLP, 101 Greenwood Avenue, Suite 600, Jenkintown, PA 19046.

If you are a Current Chipotle Shareholder and do not take steps to appear in this Action or to object to the proposed Settlement, you will be bound by the Order and Final Judgment of the Court, you will forever be barred from raising an objection to such Settlement in this or any other action or proceeding, and certain claims that you might have may be released.

CURRENT CHIPOTLE SHAREHOLDERS WHO HAVE NO OBJECTION TO THE SETTLEMENT DO NOT NEED TO APPEAR AT THE SETTLEMENT HEARING OR TAKE ANY OTHER ACTION.

You may obtain further information by writing Faruqi & Faruqi LLP at the address above.

PLEASE DO NOT CALL, WRITE, OR OTHERWISE DIRECT QUESTIONS TO EITHER THE COURT OR THE CLERK'S OFFICE.

DATED: _____, 2017
BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

**EXHIBIT E**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-02011-WJM-KLM
Consolidated with Civil Action No. 1:16-cv-03180-WJM-KLM

SEAN GUBRICKY, Derivatively on Behalf of Plaintiff, Nominal Defendant, CHIPOTLE MEXICAN GRILL, INC.,
 Plaintiff,
v.
STEVE ELLS,
MONTGOMERY F. (MONTY) MORAN,
MARK CRUMPACKER,
JOHN CHARLESWORTH,
KIMBAL MUSK,
PATRICK J. FLYNN,
STEPHEN GILLETT,
ALBERT S. BALDOCCHI,
DARLENE FRIEDMAN, and
NEIL FLANZRAICH,

 Defendants,

-and-

CHIPOTLE MEXICAN GRILL, INC., a Delaware Corporation,

 Nominal Defendant.

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, 2017, on the application of the Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement and Release (the "Agreement"), dated September 29, 2017, and the exhibits thereto. Due and adequate notice having been given to shareholders of Chipotle Mexican Grill, Inc. ("Chipotle") as required in said Order, and the Court having considered all objections raised, if any, and having considered all arguments made and papers filed

and proceedings had herein, and otherwise being fully informed and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. For purposes of this Final Judgment and Order of Dismissal (the "Judgment") the Court incorporates by reference the definitions in the Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of the Pending Action, including all matters necessary to effectuate the Agreement, and over all Parties, including nominal defendant Chipotle and its shareholders.

3. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Agreement in all respects, and finds that said Settlement is, in all respects, fair, just, reasonable, and adequate to, and in the best interests of Chipotle, Chipotle's shareholders, and Plaintiffs.

4. This Court further finds the Settlement set forth in the Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement embodied in the Agreement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Agreement.

5. The Pending Action and all claims contained therein against the Defendants are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

6. The methods of dissemination and publication of the Summary Notice and Notice, respectively, as provided for in the Agreement constituted the best notice practicable under the circumstances to Chipotle's shareholders and meet the requirements of Federal Rule of Civil

Procedure 23.1, due process under the United States Constitution, and any other applicable law, and constituted due and sufficient notice to all persons entitled thereto.

7.      Upon the Effective Date, Plaintiffs and each and every other Chipotle shareholder, for themselves and derivatively on behalf of Chipotle, and for Plaintiff Releasing Parties, release and forever discharge the Defendant Released Parties from, and hereby covenant not to sue Defendant Released Parties for, any and all Defendants' Released Claims, provided, however, that Defendants' Released Claims shall not include the right of Plaintiff Releasing Parties to enforce the terms of the Agreement or the Settlement, including Plaintiffs' Counsel's application for an award of fees and expenses, and Plaintiffs' application for a service award.

8.      Upon the Effective Date, Chipotle, on behalf of Chipotle Releasing Parties, shall release and forever discharge each of the Defendant Released Parties from, and covenant not to sue Defendant Released Parties for, any Chipotle's Released Claims, provided, however, that Chipotle's Released Claims shall not include the right of the Chipotle Releasing Parties to enforce the terms of the Agreement or the Settlement.

9.      Upon the Effective Date, each of the Defendant Released Parties and Chipotle shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims, arising out of, relating to, or in connection with their institution, prosecution, assertion, settlement, or resolution of the Plaintiffs' Released Claims, provided, however, that Plaintiffs' Released Claims shall not include the right of Defendants to enforce the terms of the Agreement or the Settlement.

10.     The Court hereby approves the Fee and Expense Award in accordance with the Agreement and finds that the Fee and Expense Award is fair and reasonable.

11. The Court hereby approves the Service award in accordance with the Agreement and finds that the Service Award is fair and reasonable.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) the Parties thereto for the purpose of construing, enforcing, and administering the Stipulation; and (c) any other matter related or ancillary thereto.

13. The Court finds that the Pending Action was filed, prosecuted, and defended in good faith, and that during the course of the action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and all other similar rules and statutes.

13. Neither the Agreement, nor the Settlement contained therein, nor any of the negotiations or proceedings connected with it, shall be deemed, used or construed as an admission or concession by any of the Defendants in the Pending Action, or as evidence of the truth or validity of any of the allegations in the Pending Action, or of any liability, fault or wrongdoing of any kind. Neither the Agreement, nor the Settlement, nor any act performed or document executed pursuant to, or in furtherance of the Agreement or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Agreement and except that the Released Parties may file the Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: _____ By: _____
Honorable William J. Martinez
United States District Judge