**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 16-cv-2011-WJM-KLM
Consolidated with Civil Action No. 16-cv-3180-WJM-KLM

SEAN GUBRICKY, derivatively on behalf of nominal Defendant, Chipotle Mexican Grill, Inc.,

    Plaintiff,

v.

STEVE ELLS,
MONTGOMERY F. (MONTY) MORAN,
MARK CRUMPACKER,
JOHN S. CHARLESWORTH,
KIMBAL MUSK,
PATRICK J. FLYNN,
STEPHEN GILLETT,
ALBERT S. BALDOCCHI,
DARLENE J. FRIEDMAN, and
NEIL W. FLANZRAICH,

    Defendants,

and

CHIPOTLE MEXICAN GRILL, INC.,

    Nominal Defendant.

**ORDER PRELIMINARILY APPROVING SETTLEMENT**

    Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Settlement. (ECF No. 110.) Having reviewed the proposed Stipulation and Agreement of Settlement and Release (the "Agreement") dated September 29, 2017 (ECF No. 110-1), and the exhibits attached thereto, and being fully advised of the premises

therein, IT IS HEREBY ORDERED that:[1]

1. Plaintiff's Unopposed Motion for Preliminary Approval of Settlement (ECF No. 110) is GRANTED.

2. A hearing (the "Settlement Hearing") shall be held before this Court on the **15th day of March, 2018 at 9:00 a.m., in Courtroom A801 at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3289**, to (i) determine whether the above-captioned action (the "Action") may proceed as a shareholder derivative action pursuant to Federal Rule of Civil Procedure 23.1, solely for purposes of the Settlement and without prejudice to the Company's right to raise defenses under Rule 23.1 or any other defenses in the Action in the event that the Court fails to grant final approval of the Settlement, (ii) determine whether the Settlement, on the terms and conditions provided for in the Agreement, is fair, reasonable, and adequate and in the best interests of Chipotle Mexican Grill, Inc. ("Chipotle") and its shareholders, (iii) determine whether the Court should finally approve the Settlement and enter a judgment, substantially in the form attached to the Agreement as Exhibit E, dismissing the Action with prejudice and extinguishing and releasing the claims as set forth therein, (iv) hear and determine any objections to the Settlement, (v) rule on Plaintiffs' application for an award of attorneys' fees and expenses and application for a service award for the individual plaintiffs, and (vi) rule on such other matters as the Court may deem appropriate.

3. The Court approves, as to form and content, the Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, and Settlement Hearing

---

[1] Unless otherwise defined herein, all capitalized terms have the same meaning as they have in the Agreement.

(the "Notice"), attached as Exhibit C to the Agreement (ECF No. 110-3 at 6–11), and the Summary Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, and Settlement Hearing (the "Summary Notice"), attached as Exhibit D to the Agreement (ECF No. 110-3 at 12–13), and finds that the mailing and posting of these notices, substantially in the manner and form set forth in the Agreement, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, are the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Chipotle's shareholders.

4. At least **forty-five business days** before the Settlement Hearing, Chipotle shall cause the Notice, attached as Exhibit C to the Agreement, to be mailed by first-class mail to all shareholders of record as of the close of business on the date of this Order at the addresses provided on the books of Chipotle. If requested by any shareholder of record who holds shares on behalf of one or more beneficial holders, the Company promptly shall provide the shareholder of record with sufficient copies of the Notice for the shareholder of record to send to the beneficial holders on whose behalf the shareholder of record holds shares.

5. At least **forty-five business days** before the Settlement Hearing, Chipotle shall cause the Notice to be posted on its corporate website.

6. At least **forty-five business days** before the Settlement Hearing, Chipotle shall cause the newswire service PR Newswire to issue the Summary Notice once to the public in the United States.

7. At least **fourteen days** before the Settlement Hearing, Chipotle shall file with the Court proof, by appropriate declaration, of such mailing and posting described in paragraphs 3, 4, and 5.

8. All papers in support of the Settlement shall be filed with the Court and served at least **twenty days** before the Settlement Hearing. Any reply papers and/or additional papers in support shall be filed with the Court at least **seven days** before the Settlement Hearing.

9. Any Chipotle shareholders may appear and show cause, if he, she, or it has any reason why the Settlement should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, or why attorneys' fees and expenses should not be awarded to Plaintiffs' Counsel, or why a service award should not be awarded to each of the Plaintiffs; provided, however, that no Chipotle shareholder shall be heard or entitled to contest the approval of the terms and conditions of the settlement unless that person has, at least **fourteen days** before the Settlement Hearing, filed a detailed objection in writing (described further below) with the Clerk of Court and served on the following counsel so that it was received no later than fourteen (14) days before the Settlement Hearing:

| | |
|---|---|
| Thomas R. Blackburn<br>Messner Reeves LLP<br>1430 Wynkoop Street, Suite 300<br>Denver, Colorado 80202 | Stuart J. Guber<br>Faruqi & Faruqi LLP<br>101 Greenwood Avenue, Suite 600<br>Jenkintown, PA 19046 |
| *Counsel for Defendants* | *Co-Lead Counsel for Plaintiffs* |

Such objections must contain the following information: (i) the Chipotle shareholder's name, legal address, and telephone number; (ii) proof of being a current Chipotle

shareholder as of the record date; (iii) the date(s) the Chipotle shareholder purchased their Chipotle shares; (iv) a statement of the Chipotle shareholder's position with respect to the matters to be heard at the Settlement Hearing, including a statement of each objection being made; and (v) the grounds for each objection or the reasons for the Chipotle shareholder desiring to appear and to be heard. Any Chipotle shareholder who fails to object or otherwise request to be heard in the manner prescribed above will be deemed to have waived the right to object to any aspect of the Settlement or to otherwise request to be heard (including the right to appeal) and will be forever barred from raising such objection or request to be heard in this or any other action or proceeding, and shall be bound by the Settlement, the judgment, and the releases given.

Dated this 24th day of October, 2017.

BY THE COURT:

_____

William J. Martinez
United States District Judge